28812. CRIDER et al. v. KELLEY et al.

JORDAN, Justice.
Paul V. Kelley instituted a suit in the Superior Court

of Gwinnett County against J. Warren Crider and Clairmont Development Company alleging that in the month of February, 1973, the defendants placed in the intersection of S. Perry Street and S. Clayton Street a barricade and obstruction, creating a public nuisance, resulting in special damage to the plaintiff Kelley's adjoining property and impeding the free and normal flow of vehicular travel entering S. Clayton Street from S. Perry Street and vice versa, and that such obstructions were placed by the defendants in bad faith without the knowledge of the plaintiff, thereby causing damage to the plaintiff's property. The complaint prayed for the abatement of the nuisance, that the defendants be restrained and permanently enjoined from permitting and allowing said obstruction to remain in said street, and for damages.

The defendants answered setting up several defenses and denying that they placed a nuisance at said intersection, denied any damage to the plaintiff or his property, denied that the new intersection impedes the free flow of vehicular traffic between the two streets and further denying the other material parts of the complaint. The defendants admitted that in 1973 as required by the State Dept. of Transportation of Georgia and the City of Lawrenceville that the defendant, Clairmont Development Company, under the direction and supervision of the City and the State Dept. of Transportation did construct curbing within the right-of-way of S. Perry Street and S. Clayton Street in order to restructure said intersection and provide a suitable driveway into its property.

At the same time the defendants filed a third-party complaint against the Dept. of Transportation of the State of Georgia contending that since the Dept. of Transportation directed the defendants to construct such curbing that the department should be liable to the defendants for any and all sums that may be adjudged against the defendants. The Dept. of Transportation, as third-party defendant, filed certain defenses including a plea to the jurisdiction, and in its fourth defense admitted that S. Clayton Street was also Ga. Hwy. 20, but denied that they required the defendants to construct any

curbing thereon.

The plaintiff Kelley filed a motion for summary judgment supported by affidavits on the ground that there were no substantial facts or issues to be determined by a jury, and that he was entitled to a permanent injunction enjoining the defendants from maintaining the alleged obstructions and that the defendants were jointly and severally liable to the plaintiff for damages to his property by reason of the construction and maintenance of the alleged obstructions in said streets. The defendants responded by filing certain affidavits, and after an oral hearing the court entered an order granting the appellee's motion for summary judgment as to the grant of the permanent injunction and holding the defendants liable as a matter of law for any damages, if any, done to the plaintiff's property by virtue of the erection of said obstructions and changes made in the intersection of S. Perry Street with S. Clayton Street. The trial judge signed a certificate for immediate review and appellant files this appeal from said order. *Held:*

We agree with the appellants that there are substantial issues of genuine fact to be determined and that the trial court erred in granting the plaintiff's motion for summary judgment. The appellee states in his complaint that his property fronts the intersection of S. Perry Street and S. Clayton Street. However, a certified copy of appellants' deed and the plat attached to the application for a permit contained in the record indicates that the appellant's property and not that of appellee fronts the intersection of S. Perry Street and S. Clayton Street. The appellants contend that such restructuring was done by and with the consent and under the direction and control of the State Dept. of Transportation and the City of Lawrenceville. While this is denied by the answer of the State Dept. of Transportation, a plat and permit attached to the record indicates the approval of the State Dept. of Transportation to the curbing and obstructions placed in and near S. Clayton Street (State Hwy. 20), thus forming a substantial issue as to whether or not such construction was done with the permission and approval of the State Dept. of Transportation.

The record discloses without contradiction that the

curbing and obstructions were placed in these streets entirely within the right-of-way of the Dept. of Transportation and the City of Lawrenceville, and that no property of the plaintiff was taken or appropriated. The management and control of the right-of-way of the state's system of roads is vested in the Dept. of Transportation. Code Ann. § 95A-302 (a). Likewise, the control of the right-of-way of streets within a municipality not on the state system is vested in the governing body of the municipality. Without doubt either could require the removal of any obstruction placed thereon without express permission. The main case relied upon in appellee's brief is *Laing v. Mayor &c. of Americus,* 86-Ga. 756 (13 SE 107), which holds that absent express statutory authority a municipal government cannot grant to any person the right to erect and maintain a structure or obstruction in a public street and that such municipal government has full power and authority to have such obstruction or nuisance removed. This holding would be applicable if the City of Lawrenceville were a party to this suit, but the city is not the complainant here. Likewise, the language from *Griffith v. C & E Builders,* 231 Ga. 255, 257 (200 SE2d 874) to the effect that a street or highway cannot be vacated unless it is for the benefit of the public rather than a private individual is not applicable here since there is no contention that the street is being vacated. The evidence shows only that the traffic has been rechanneled so as to enter from S. Perry to S. Clayton at a slightly different angle.

The threshhold question in the instant case is whether or not such curbing and restructuring of the intersection was done with the permission and without objection from the Dept. of Transportation and the City of Lawrenceville. It is undisputed that both had full knowledge of the alteration. On motion for summary judgment all of the pleadings and evidence must be construed most strongly against the movant. The fact that the defendants were operating under a permit from the Dept. of Transportation in the restructuring of the intersection and the driveway to their property abutting on a state highway and in view of the fact that the record does not disclose any official action on the part of the City

of Lawrenceville in opposing or attempting to stop said construction on its right-of-way along S. Perry Street, important issues of fact are left to be resolved.

Since there are genuine issues of fact to be resolved the trial court erred in granting a summary judgment to the appellee.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 10, 1974 — DECIDED
SEPTEMBER 3, 1974.

*Gershon, Ruden, Pindar & Olim, Max Olim, George A. Pindar,* for appellants.

*John I. Kelley, Robert F. Duncan, Arthur K. Bolton, Attorney General, Marion O. Gordon, Roland F. Matson, Assistant Attorneys General,* for appellees.