## 30718. STONE MOUNTAIN MEMORIAL ASSOCIATION v. BELL.

JORDAN, Justice.

This appeal is from the denial of a summary

judgment to the appellant as to Counts 1 and 2 of a complaint by Mrs. Lillian B. Bell against the State of Georgia (later dismissed as a party) and the Stone Mountain Memorial Association. This court granted the application for appeal.

1. Mrs. Bell alleged in Count 1: On May 14, 1960, she and her late husband, W. F. Bell, conveyed described property to the State of Georgia. This conveyance was made pursuant to an agreement dated February 16, 1960, between the Stone Mountain Memorial Association, for and on behalf of the State of Georgia, and W. F. Bell. On August 16, 1960, the State of Georgia conveyed the property to the Stone Mountain Memorial Association. Due to a scrivener's error, the property conveyed to the State of Georgia was not identical with the property intended to be conveyed. Because of the lengthy description in the deed, this discrepancy was not noticed by any of the parties, all of whom exercised due diligence in reading the deed. The error in the description was not discovered until February 5, 1973, when the plaintiff had a survey made. She has requested the Stone Mountain Memorial Association to reform the deed to reflect the true intent of the parties, but it has refused to honor such request. She prayed that the deed be reformed to remove a described triangular shaped tract from the description.

One of the defenses filed by the defendant was that the plaintiff was barred by laches from seeking reformation of the deed.

Motion for summary judgment was made by the defendant as to this count on the basis of the pleadings and the affidavit of the general manager of the Stone Mountain Memorial Association, who stated that during the period of his employment, from September 1, 1963, until the date of the affidavit, the property described in the deed from the Bells has been in the peaceable possession of the Stone Mountain Memorial Association.

The plaintiff offered no evidence in opposition to the motion for summary judgment.

The equitable doctrine of laches follows the statutory period of limitation of seven years' adverse possession under color of title unless, under the facts of a particular

case, it should be sooner applied, or it would be inequitable to apply it. *Stephens v. Walker,* 193 Ga. 330 (18 SE2d 537) (1942); *Cooper v. Aycock,* 199 Ga. 658, 666 (34 SE2d 895) (1945); *Paden v. Matthews,* 216 Ga. 458 (117 SE2d 346) (1960); *Payton v. Daughtry,* 223 Ga. 438 (156 SE2d 29) (1967).

The deed made by the plaintiff and her late husband was executed in May, 1960. Her action to reform the deed was filed in March, 1975. She did not allege, nor show by any evidence, that her failure to discover the alleged discrepancy in the description was due to any cause which would excuse her long delay in bringing the action. She offered no evidence to dispute the defendant's evidence of peaceable possession for a period of more than seven years.

The defendant's plea of laches, and affidavit in support thereof, which were not controverted by the plaintiff, showed that there was no genuine issue for trial.

The trial judge therefore erred in denying the defendant's motion for summary judgment as to the first count of the complaint.

2. The second count of the complaint alleged the execution of the deed pursuant to the agreement, as set out in the first count. It was further alleged: The Stone Mountain Memorial Association planned to use the property conveyed to it as an overflow reservoir or lake. It agreed to fill in the triangular shaped property mentioned in Count 1, in order that it would be level with the surrounding area. It agreed to dredge the shoreline of the lake along the property belonging to the plaintiff to a depth of 3 feet. None of these agreements has been fulfilled. It was prayed that the defendant be required to specifically perform the agreements.

One of the defenses to this count was that the agreements, if any, entered into prior to, or con-temporaneously with, the execution by the plaintiff of the warranty deed to the property to which the agreements apply would merge with the deed, and the agreements could not thereafter be enforced.

No evidence was offered by either party as to this count of the complaint, but a copy of the agreement and

the deed was attached to the complaint.

While the defendant, as the movant in the application for summary judgment, had the burden of piercing the pleadings of the plaintiff, the defendant's answer asserted a principle of law which would prevent her from maintaining her action as alleged. See *Augusta Land Co. v. Augusta R. &c. Co.,* 140 Ga. 519 (1) (79 SE 138) (1913); *Loftis v. Clay,* 164 Ga. 845, 848 (139 SE 668) (1927); *Keiley v. Citizens Savings Bank &c. Co.,* 173 Ga. 11 (1) (159 SE 527) (1931).

It thereupon became the plaintiff's duty to present facts by pleadings or evidence to show that the agreements alleged were not merged with the warranty deed. This she failed to do, and there was no genuine issue of fact for trial.

The trial judge erred in denying the motion of the defendant for summary judgment as to the second count of the complaint.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 20, 1976 — DECIDED FEBRUARY 24, 1976.

*Arthur K. Bolton, Attorney General, Michael J. Bowers, Senior Assistant Attorney General,* for appellant.

*Henning, Chambers & Mabry, Frederick W. Johnson,* for appellee.