## 74710. COMER v. NATIONAL BANK OF GEORGIA.

(363 SE2d 153)

BEASLEY, Judge.

Comer appeals the grant of summary judgment to NBG on her cross-claim against it in litigation originated by her ex-husband's former company. While the underlying litigation is factually complex, the facts concerning the cross-claim are fairly straightforward. Mr. Comer had given numerous security deeds to NBG to secure loans to his business entities, all of which he personally guaranteed. These deeds included a second mortgage deed to secure debt on a lot on Kiawah Island, S. C., which had been purchased by Mr. and Mrs. Comer in 1981. When the financial difficulties arose, NBG purchased the original note and mortgage deed from the sellers of the Kiawah Island property in order to protect its junior security interest.

As a result, in November 1982, Ms. Comer executed a confession of judgment to NBG for $47,000. It is this judgment that forms the basis of the cross-claim, Ms. Comer claiming that NBG's failure to mark it "satisfied" after foreclosing on and selling the property created a libel by leaving the impression that the judgment had not been paid. This libel by NBG is claimed by Ms. Comer to be contained in a credit report which reflects the judgment.

1. With regard to enumeration 2, claiming error in the trial court's failure to "mandate and order" NBG to enter a satisfaction of judgment on the South Carolina confessed judgment, there was no request made before the trial court for such relief and therefore there is nothing in this regard for this Court to review. *Miness v. Miness*, 254 Ga. 658, 659 (3) (333 SE2d 574) (1985); *Omni Express v. Cleveland Express*, 178 Ga. App. 42, 43 (3) (341 SE2d 911) (1986).

2. Enumerations 1, 3, 4, 5, and 6 all deal with the propriety of the summary judgment entered on cross-claimant's libel claim and will be treated together. Although cross-claimant's brief does not separate and number its argument as required by Rule 15 (c) (1), we will address the argument as we can discern it.

Libel is defined as "a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, con-

tempt, or ridicule. (b) The publication of the libelous matter is essential to recovery." OCGA § 51-5-1.

The allegation below and the argument here is that the *failure* of NBG to mark the confession of judgment "satisfied" is the libelous act. It is conceded in the brief of Ms. Comer that the confession of judgment (a statement made by her) was true and that at the time that document was filed in South Carolina, the $47,000 was owed by her. Thus there is nothing libelous about that document. OCGA § 51-5-6; see *Jones v. Neighbor Newspapers*, 142 Ga. App. 365, 369 (2) (236 SE2d 23) (1977).

Appellant has cited no case and we are unfamiliar with any which provide that the failure to make a written statement has been upheld as the basis for a libel action. In fact, the only authority dealing with an omission, relied on by cross-claimant for another proposition, is to the effect that an omission of information from a statement admittedly published will not support an action for libel. *Ajouelo v. Auto-Soler Co.*, 61 Ga. App. 216, 222 (6 SE2d 415) (1939).

This rationale is particularly appropriate in this case because the record contains proof of South Carolina law, Code of Laws of South Carolina § 29-3-650, which states that in a foreclosure and sale, the obligation to credit the judgment with the proceeds from the sale is upon the "officer making the sale under order of the court . . ." Thus, NBG had no obligation in this regard.

There being no legal basis shown for any libel claim on the undisputed facts before the court, it was not error to grant summary judgment to NBG on the cross-claim. OCGA § 9-11-56 (c).

3. The brief alludes to the error of the trial court in granting the summary judgment because no accounting has been rendered "as to the foreclosure sale of the Kiawah Island property . . ." Pretermitting the issue of whether any viable claim was made for any accounting below and whether, if there were, this appeal should have been transferred to the Supreme Court, the argument made on appeal concerning the South Carolina property was never presented to the trial court. The only reference in the record even mentioning an accounting relates to a North Carolina warehouse property on which NBG had been collecting rents pursuant to an assignment of rents. Thus, any argument concerning the North Carolina property has been waived by not being pursued here, and any argument concerning the South Carolina property presents nothing for our review because it was not raised below. *Miness v. Miness*, supra.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 22, 1987 —
REHEARING DENIED NOVEMBER 17, 1987.

George G. Chenggis, for appellant.
Stephen M. Forte, Glenville Haldi, for appellee.