76330. KELLEHER v. STATE OF GEORGIA.
(369 SE2d 341)

BANKE, Presiding Judge.

This litigation began as an in rem forfeiture proceeding brought by the State of Georgia to condemn certain property belonging to the appellant, pursuant to the provisions of the Georgia Racketeer Influenced and Corrupt Organizations (RICO) Act, OCGA § 16-14-7. The appellant responded by filing a multi-million dollar counterclaim alleging that the state had seized his belongings without any valid legal basis, had maliciously pursued an unfounded criminal prosecution against him in connection with the seizure, and had defamed him by distributing "false unsubstantiated affidavits" accusing him of criminal activity. The RICO action was ultimately dismissed based on the state's failure to establish "reasonable cause" for a belief that the items in question had been acquired or maintained through a pattern of racketeering activity. The state subsequently filed a release of its RICO lien notice and moved for dismissal of the appellant's counterclaim on the ground that it was barred by the doctrine of sovereign immunity. The trial court granted that motion, thereby precipitating this appeal. *Held*:

1. The appellant first contends that the dismissal was in error due to the state's failure to negate the possibility that the defense of

sovereign immunity had been waived pursuant to Art. I, Sec. II, Par. IX (a) of the Georgia Const. of 1983, by the procurement of liability insurance protection covering his claims. The appellant never made any such allegation in the court below, with the result that the state was never called upon to deny the existence of such insurance coverage and the trial court was never called upon to rule on the issue. Consequently, this contention presents nothing for review on appeal. Accord *Bryant v. Mayor &c. of Americus*, 252 Ga. 76, 78 (4) (311 SE2d 174) (1984).

We reject the appellant's unsupported assertion that "[t]he defense of sovereign immunity is an affirmative defense" with respect to which the state has the burden of proof. The defenses required to be affirmatively pled in civil actions are set forth at OCGA § 9-11-8 (c), and sovereign immunity is not among them. Indeed, the general rule is that "[i]n the absence of express statutory [or constitutional] authorization, neither counsel for the state nor any of its agencies may, by affirmative action or by failure to plead, waive the defense of governmental immunity." 81A CJS 952-953, States, § 299. See also 72 AmJur2d 510, States, § 119.

2. Neither has the appellant asserted a cognizable claim under the theory that "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." Ga. Const. of 1983, Art. I, Sec. III, Par. I (a). See also United States Constitution, Amendments 5 and 14. There has been no allegation that the state applied any of the property to public use during the period it was in the state's possession. Thus, even assuming arguendo that the seizure resulted in a violation of the appellant's state and/or federal constitutional rights, no basis has been asserted upon which the state itself, as opposed to its officers, could be held liable for monetary damages on the basis of it. Cf. *Quern v. Jordan*, 440 U. S. 332, 343 (99 SC 1139, 59 LE2d 358) (1979).

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED MAY 4, 1988.

*Billy L. Spruell, Howard J. Manchel*, for appellant.

*C. Andrew Fuller, District Attorney, Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General*, for appellee.