## 46586. MAYOR & COUNCIL OF THE CITY OF FLEMINGTON v. BOATWRIGHT.

### (377 SE2d 843)

SMITH, Justice.

We granted a writ of certiorari to the Court of Appeals in *Boatwright v. Mayor &c. of Flemington*, 189 Ga. App. 676 (377 SE2d 1) (1988), to consider whether the mayor and members of the city council are parties to the case as individuals. We hold that they are not and we reverse.

The appellee, Larry Boatwright, filed a complaint in 1988 against the appellant, City of Flemington, seeking to compel the City to issue him a business license for the year 1987 and to pay him damages for failure to issue the license. The City filed a timely motion to dismiss for failure to state a claim based upon the City's sovereign immunity and also asserted that the issue of the 1987 license was moot. The trial court granted the motion and dismissed the complaint. The Court of Appeals reversed the trial court based upon its belief that the appellee might be able to show a set of facts to support his claim against the mayor and city council as individuals. We do not agree.

No individual is named as a party in the body of the complaint, and there is no allegation in the complaint that any individual engaged in any act that harmed the appellee. The mayor was served only in his official capacity, and none of the members of the city council was served individually or in their capacity as members of the city council.

This case is unlike *Hodges v. Youmans*, 122 Ga. App. 487 (177 SE2d 577) (1970) because Hodges brought his "action for damages naming 23 individuals as defendants." *Hodges v. Youmans*, 120 Ga. App. 805 (172 SE2d 431) (1969). Appellee Boatwright's complaint named only the City of Flemington as the party to the suit and no individuals were served as individuals. The appellee's underlying assertions on appeal are limited to his argument that the City should be required to issue him a license and that the City should be required to pay him damages for its failure to issue him a license. The appellee did not make the mayor or members of the city council parties to the suit individually, he did not assert a claim against any of them individually, and he did not have them served individually, therefore, the trial court did not err in dismissing the complaint.

*Judgment reversed. All the Justices concur, except Marshall, C. J., not participating.*

DECIDED APRIL 6, 1989.

*Ratcliffe & Smith, James W. Smith*, for appellant.

*John E. Pirkle,* for appellee.