## A91A0010. DUNWOODY-WOODLANDS CONDOMINIUM ASSOCIATION, INC. v. HEDQUIST.
(403 SE2d 893)

ANDREWS, Judge.

Dunwoody sued Hedquist to collect past due condominium association assessments. The trial court rendered a judgment in favor of Hedquist. Dunwoody claims the court erred by excluding evidence of the debt.

1. In its first two enumerations of error Dunwoody argues the trial court improperly refused to admit certain documentary evidence of the debt. Since the excluded documents have not been made a part of the record on appeal for our review, we cannot consider these enumerations. *Hunnicut v. Ga. Power Co.*, 168 Ga. App. 525, 527-528 (309 SE2d 862) (1983); *Travelers Ins. Co. v. Johnson*, 118 Ga. App. 616, 617 (164 SE2d 926) (1968).

2. In its third enumeration of error Dunwoody claims the trial court erroneously prevented its property manager from testifying from her own personal knowledge to prove the debt. The trial court refused to allow this testimony apparently on the basis that the documents reflecting the debt were the best evidence. Where oral testimony is offered regarding a debt of which a documentary record is

kept, " ' "the testimony of a person who has knowledge of the facts from which [the documents] are made up is as to those facts primary evidence, and is admissible, whether or not the [documents] themselves are put in evidence." ' " *WGNX v. Gorham*, 185 Ga. App. 489, 490 (364 SE2d 621) (1988). Accordingly, the best evidence rule provided no basis for the court's ruling.

However, this testimony was properly excluded as hearsay because the property manager did not have personal knowledge of the facts from which the documents were compiled. OCGA § 24-3-1. In *WGNX*, supra at 490, the trial court erroneously excluded testimony about a past due debt from the collections manager, who was "in charge of collecting all monies owed to the station and thus would have been testifying from her own knowledge had she been allowed to answer the question." Dunwoody's property manager lacked any immediate and independent personal knowledge of the debt. Although she was familiar with the excluded documents reflecting the debt, she did not prepare the documents, or personally supervise preparation of the documents, or make any entries of the underlying facts used to compile the documents. Rather, a third party in the accounting department actually prepared the documents. "Testimony concerning information acquired solely through books and records kept by a third person is inadmissible, as hearsay." *Sabo v. Futch*, 226 Ga. 352 (175 SE2d 16) (1970); *State v. Speir*, 189 Ga. App. 254, 255 (375 SE2d 298) (1988). Although the trial court apparently excluded the testimony for other reasons, a judgment right for any reason will be affirmed. *Simmons v. Boros*, 255 Ga. 524, 525 (341 SE2d 2) (1986).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 14, 1991.

*Hyatt & Rhoads, Kathy K. Dorough, Anthony W. Oxley III*, for appellant.
John H. Hedquist III, *pro se*.