A92A0793, A92A0794. POSS et al. v. DEPARTMENT OF HUMAN RESOURCES; and vice versa.
(426 SE2d 635)

BEASLEY, Judge.

Dexter C. Poss, Sr., individually and as representative of the estate of his deceased son, Dexter C. Poss, Jr., and Mary Jo Poss, individually, instituted this action against the Georgia Department of Human Resources, seeking to recover for their son's wrongful death. Under authority of OCGA § 9-2-1, plaintiffs commenced this action as a renewal of an action prosecuted by them in federal court. _Poss v. Ga. Regional Hosp. of Augusta_, 676 FSupp. 258 (S.D. Ga. 1987), aff'd without opinion sub nom. _Poss v. Azar_, 874 F2d 820 (11th Cir. 1989).

On October 15, 1984, the son was admitted to Georgia Regional Hospital of Augusta after he tried to commit suicide by taking an overdose of sleeping pills. Dr. Kenneth Azar, his primary physician, released him to return to his residence the following morning. Later that day, the son obtained a pistol and killed himself.

Plaintiffs sued Georgia Regional Hospital and Dr. Azar in federal district court, asserting a 42 USC § 1983 claim and a pendent state-tort claim for medical negligence. The Department of Human Resources, of which Georgia Regional is a branch, was later substituted for the hospital as a party defendant.

The hospital moved for summary judgment, arguing that the doctrine of sovereign immunity barred the claims against it. The district court denied this motion on the following grounds: Art. I, Sec. II, Par. IX (a) of the 1983 Georgia Constitution waived sovereign immunity "as to those actions for the recovery of damages for any claim against the state or any of its departments and agencies for which liability insurance protection for such claims has been provided but only to the extent of any liability insurance provided"; Dr. Azar's official immunity had been waived because of the existence of a liability insurance policy covering any negligent act arising out of the performance of or failure to perform his official duties; and, as Georgia Regional is vicariously liable for the acts of its employees, the waiver of Dr. Azar's official immunity acted as a waiver of Georgia Regional's sovereign immunity. 676 FSupp. at 260-261.

On the other hand, Dr. Azar's motion for summary judgment was granted on the ground that his actions in discharging the decedent are immunized from liability by OCGA § 37-3-4, which provides: "Any physician, psychologist, peace officer, attorney, or health official, or any hospital official, agent, or other person employed by a private

hospital or at a facility operated by the state, by a political subdivision of the state, or by a hospital authority created pursuant to Article 4 of Chapter 7 of Title 31, who acts in good faith in compliance with the admission and discharge provisions of this chapter shall be immune from civil or criminal liability for his actions in connection with the admission of a patient to a facility or the discharge of a patient from a facility."

The federal court later dismissed the action against the department as barred by the Eleventh Amendment's proscription against citizens of a state suing their state in federal court. The court also dismissed the action against Dr. Azar, ruling that he had qualified immunity from plaintiff's Section 1983 claim (for essentially the same reasons that he has state statutory immunity). Pendent jurisdiction over the state tort claim was thus removed.

In this action in state court, plaintiffs found tort liability of the department on two grounds: First, Dr. Azar was negligent in releasing the son "without having conducted such medical examination, testing, or observation as, in the exercise of appropriate medical care should have been performed"; second, the hospital "failed to train and supervise its staff, failed to establish and follow rules, regulations and guidelines and procedures reasonably designed to protect seriously ill patients such as plaintiffs' decedent from injury and death, and failed to provide adequate facilities to carry out such care. . . ."

The department filed a motion to dismiss, or in the alternative for summary judgment, on grounds of res judicata, collateral estoppel, and sovereign immunity. In its supporting brief, the department argued that the determination in the federal action that Dr. Azar is immune from liability precludes the present action against the department. The department also argued that under *Price v. Dept. of Transp.*, 257 Ga. 535 (361 SE2d 146) (1987), as well as *Mayor &c. of Flemington v. Boatwright*, 259 Ga. 175 (377 SE2d 843) (1989), a waiver of sovereign immunity depends upon the presence of a governmental employee for whom liability insurance protection has been provided; in this case the only defendant is the department itself. The department also filed a counterclaim under *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986), and OCGA § 9-15-14 for frivolous litigation in view of the disposition of the federal suit.

The trial court granted the department's motion for summary judgment but refused to entertain the counterclaim. In Case No. A92A0793, plaintiffs appeal. In Case No. A92A0794, the department cross-appeals.

1. The federal court's decision that Dr. Azar's conduct is immunized by state statute bars a derivative claim against Dr. Azar's employer based on its vicarious liability for his conduct under the doctrine of respondeat superior.

Commencing with *Southern R. Co. v. Harbin*, 135 Ga. 122 (68 SE 1103) (1910), it has been the rule that "where the liability of the master to an injured third person is purely derivative and dependent entirely upon the doctrine of respondeat superior, a judgment on the merits in favor of the servant and against the third person is res judicata in favor of the master in a suit by such third person, though the master was not a party to the action against his servant. [Cits.]" *Gilmer v. Porterfield*, 233 Ga. 671, 673 (1) (212 SE2d 842) (1975). Lack of mutuality as a bar to the plea of res judicata was rejected.

Plaintiffs argue that: the federal court's grant of Dr. Azar's motion for summary judgment was not "on the merits" since it was based on his statutory immunity, which protects him but not his employer, and, although there was an adjudication in the federal action that he was not "liable" to the plaintiffs, there was no adjudication as to whether or not he was "negligent," the issue here.

To the contrary, the case law is that an employer cannot be held "liable" for the employee's negligence where there has been an adjudication that the employee is not "liable." See *Spencer v. McCarley Moving &c. Co.*, 174 Ga. App. 525, 530 (2) (330 SE2d 753) (1985); *Redd v. Peters*, 100 Ga. App. 316, 321 (3) (111 SE2d 132) (1959). "In a case where the employer's liability depends solely upon the doctrine of respondeat superior, recovery cannot be had against an employer for damages resulting from the alleged wrongful or negligent act of his employee, after the employee has been discharged from personal liability." 53 AmJur2d, Master & Servant, § 406, p. 413 (1970).

*Cutts v. Fulton-DeKalb Hosp. Auth.*, 192 Ga. App. 517 (1, 3) (385 SE2d 436) (1989) does not aid plaintiffs. It holds that although, under the doctrine of charitable immunity, a charitable hospital generally is not liable for the negligence of its employees, this does not insulate physicians employed by the hospital from liability to a patient for breach of duty. The rationale is that "[t]o extend the doctrine of charitable immunity to physicians who are employed by charitable hospitals would only serve to insulate the resources of those physicians from the claims of patients who were injured as a result of alleged medical malpractice." Id. at 519.

It would be anomalous and in frustration of the purpose of OCGA § 37-3-4 to apply the same rationale and hold that while this Code section immunizes the physician from liability for acts in good faith compliance with statutory discharge provisions, the physician's employer may be held derivatively liable based on a finding that such acts were negligent. The converse of the *Cutts* holding does not apply here.

OCGA § 37-3-4 does not expressly state that the hospital or facility shall be immune from liability, and we have neither found nor been cited to any case seeking to hold an employer derivatively liable

for the conduct of an employee who has statutory immunity from liability.

2. However, unlike cases such as *Harbin* and *Gilmer*, the liability charged by the complaint against the department is not purely derivative of Dr. Azar's conduct. Plaintiffs charge the department with negligence in failing to: (1) train and supervise its staff; and (2) establish and follow rules, regulations, guidelines, and procedures. As previously stated, the federal court denied the hospital's motion for summary judgment and granted Azar's.

3. In *Price*, relied upon by the department, employees of the Department of Transportation (DOT) were sued, as was the DOT under the doctrine of respondeat superior. The plaintiff alleged that employees of the DOT were negligent in their design and maintenance of a state highway. Plaintiff sought to add these employees as party defendants by amendment to her complaint after their identities had been ascertained through discovery. The Supreme Court held that the claim against the DOT employees was in reality a claim against the DOT as to which sovereign immunity had been waived because of a liability insurance policy naming the employees as insureds and covering the claim. Compare *Rogers v. Rockdale County*, 187 Ga. App. 658, 660 (2) (371 SE2d 189) (1988). The Court held that "[t]he fact the DOT is not named as an insured does not mean that insurance protection for the *claim* is not provided." (Emphasis in original.) *Price*, supra at 537.

However, the trial court in *Price* had not ruled on plaintiff's motion to add the DOT employees as party defendants. In an addendum to the opinion on motion for reconsideration, the Court held, "When the case returns to the trial court the judge shall rule on the motion to add the employees as defendants. If they, or any of them, are made defendants there is a waiver of sovereign immunity as to the DOT as stated in the opinion. Since a waiver depends upon the presence of a claim in the action for which liability insurance protection has been provided, if no employee is made a party defendant there will be no waiver as to DOT. In that event summary judgment for DOT is affirmed." Id. at 537-538. See also *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300, 301-303 (2) (357 SE2d 569) (1987); compare *Boatwright*, supra, where the sole claim was one against the city, and it was barred by sovereign immunity.

Nonetheless, the court was not authorized to grant summary judgment on the ground that plaintiffs failed to join an indispensable party, without giving them an opportunity to join the unnamed party after an adjudication that such party is indispensable. See *Frady v. Irvin*, 245 Ga. 307, 312 (5) (264 SE2d 866) (1980).

Moreover, there are factual distinctions between this case and *Price*. The claim in *Price* was based upon negligent action, consisting

of the design and maintenance of the highway. The claim in this case is based, at least in part, upon negligent inaction, consisting of a failure to train and supervise staff, as well as to establish rules, regulations, guidelines, and procedures. The department's failure to do such things is provable without reference to the action of an identified department employee.

4. The department states that the burden of establishing that there has been a waiver of sovereign immunity rests with the plaintiffs, see *Kelleher v. State*, 187 Ga. App. 64 (1) (369 SE2d 341) (1988); *Balasco v. County of San Diego*, 140 Ga. App. 482, 487 (2) (231 SE2d 485) (1976), and the department argues that the plaintiffs have not and cannot demonstrate a waiver in that, under such cases as *Price*, a waiver is premised upon the presence of an employee for whom liability insurance protection has been provided. As held in Division 3, *Price* and like cases are distinguishable.

Any waiver of sovereign immunity is based upon Article I, Section II, Paragraph IX of the Georgia Constitution, prior to its 1991 amendment. It provided that "the defense of sovereign immunity is waived as to those actions for the recovery of damages for any claim against this state or any of its departments and agencies for which liability insurance protection for such claims has been provided. . . ." In this action, plaintiffs have sought to recover damages based upon a claim against the Department of Human Resources. There is a waiver if liability insurance for such a claim has been provided. The department has made no showing that such coverage does not in fact exist; nor did it move for summary judgment on the ground that such coverage has not in fact been provided.

5. In *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 53 (3) (414 SE2d 638) (1992), the Supreme Court held that the 1991 amendment to Art. I, Sec. II, Par. IX of the Georgia Constitution, extending sovereign immunity to all state departments and agencies regardless of any insurance, applies prospectively only and does not bar pending actions, such as the present one which was instituted in 1988. The Court in *Donaldson* disapproved *Goolsby v. Regents of the Univ. System of Ga.*, 141 Ga. App. 605 (234 SE2d 165) (1977) to the extent that it held otherwise, and it stated that dictum in *Sikes v. Candler County*, 247 Ga. 115 (274 SE2d 464) (1981) would not be followed. *Donaldson*, 262 Ga. at 53. Consequently, the department's reliance upon *Goolsby* and *Sikes* in unavailing.

6. Issues have been raised concerning the fact that plaintiffs in their trial and appellate briefs have not made express reference to the allegations of their complaint concerning the direct negligence of the department. However, in both briefs plaintiffs argue that the action at bar involves the state law claims which plaintiffs asserted in their federal action and that these claims are not diminished or affected by

the assertions of the department in this action. An application of this argument to the allegations of the complaint requires a reversal in part of the trial court's grant of the department's motion for summary judgment.

In order for the defendant as movant to be entitled to summary judgment, he must effectively pierce any state of facts contained in plaintiff's complaint or that may be proven in connection therewith, so as to preclude as a matter of law plaintiff's right to prevail. *Ringer v. Lockhart*, 240 Ga. 82, 83 (239 SE2d 349) (1977). On motion for summary judgment, all pleadings and evidence must be construed most strongly against movant. *Crider v. Kelley*, 232 Ga. 616, 619 (208 SE2d 444) (1974).

Unlike the defendant in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), the department did not move for summary judgment based upon an absence of evidence in support of plaintiffs' direct-negligence claim, nor did it pierce these allegations in the complaint. See *Stone Mountain Mem. Assn. v. Bell*, 236 Ga. 355, 358 (2) (223 SE2d 716) (1976).

In responding to the summary judgment motion, which addressed only the derivative liability claim, we find no concession by plaintiffs that they have abandoned their direct negligence claim.

The plaintiffs have carried their burden of showing error on the record. "In order for the appellate court to determine whether the grant of summary judgment was erroneous, the appellant must include in the record those items which will enable the appellate court to ascertain whether a genuine issue of material facts remains or, if the record establishes there is no such issue of fact, whether the moving party is entitled to judgment as a matter of law. [Cits.]" *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981).

7. It necessarily follows that the trial court did not err by denying the department's counterclaim for attorney fees and litigation expenses for frivolous litigation.

*Judgment in Case No. A92A0793 affirmed in part and reversed in part. Judgment in Case No. A92A0794 affirmed. Sognier, C. J., McMurray, P. J., Carley, P. J., Cooper and Johnson, JJ., concur. Birdsong, P. J., Pope and Andrews, JJ., concur in part and dissent in part.*

ANDREWS, Judge, concurring in part and dissenting in part.

Although I agree with Division 1 of the opinion, I respectfully dissent from Divisions 2 through 6 because the issue on which the opinion is based was *never* argued by the parties. The majority concludes that because the complaint's allegations against the hospital were not based solely upon allegations of respondeat superior, summary judgment as to those claims which were independent of Dr.

Azar was improper, since the sovereign immunity bar did not apply. Regardless of whether I agree in theory with this statement of law, the present facts do not warrant this conclusion.

Plaintiffs' complaint asserts two basic theories of recovery against DHR; there are allegations of direct liability and theories based on derivative liability. From a review of the record, it is clear that the complaint is the *only* time that the claims of direct liability against DHR are raised. The fact that the complaint alleges liability which is independent of Dr. Azar is never referred to by the parties. Both in the court below and in this court, the parties have limited their arguments solely to the issue of derivative liability and the parties conceded that the issues in this case involve only claims of derivative liability.[1]

It is a fundamental rule of appellate practice that this court does not consider arguments which were not argued before the trial court. See generally *Comer v. Nat. Bank of Georgia*, 184 Ga. App. 867 (3) (363 SE2d 153) (1987). The majority opinion fails to follow this rule and, in doing so, appears to apply a "wrong for any reason" rule, in contravention of the right for any reason rule. See, e.g., *Dunwoody-Woodlands Condo. Assn. v. Hedquist*, 199 Ga. App. 91 (2) (403 SE2d 893) (1991). "It is not the function of an appellate court to cull the record on behalf of a party in search of instances of error. [Cits.]" *Mauldin v. Weinstock*, 201 Ga. App. 514, 517 (3) (411 SE2d 370) (1991).

Although I am aware that *Price v. Dept. of Transp.*, 257 Ga. 535 (361 SE2d 146) (1987), emphasized that the claim asserted was critical to resolving the issue of immunity (discussed in Division 3 of the majority opinion), I do not think that *Price* contemplated the deviation from basic rules of appellate practice which the majority demonstrates. Accordingly, I would affirm the trial court's ruling and grant summary judgment to DHR.

Moreover, even assuming arguendo that the DHR's motion for summary judgment *did* implicitly raise issues of direct liability, it was incumbent upon the plaintiffs to affirmatively respond to this issue. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Under this analysis, plaintiffs' absolute failure to present evidence, or even to articulate an argument regarding the allegations of direct liability would also mandate an affirmance of the trial court's order.

Despite my belief that summary judgment was correct as to Case No. A92A0793, I concur in the majority's affirmance of summary judgment with respect to the cross-appeal, Case No. A92A0794.

---

[1] Further, there is no indication that the motion for summary judgment was ever construed by the parties, or by the court, as one for partial summary judgment.

" 'The issues were hardly clearcut and posed a serious question both for the trial court and this court. [Appellants'] claim cannot be considered as lacking substantial justification or as being interposed for delay or harassment.' [Cit.]" *Deutz-Allis Credit Corp. v. Phillips*, 193 Ga. App. 79, 80 (1) (387 SE2d 34) (1989); see also *Colquitt v. Network Rental*, 195 Ga. App. 244 (2a) (393 SE2d 28) (1990). Accordingly, I would affirm the trial court's grant of summary judgment as to the cross-appeal.

I am authorized to state that Presiding Judge Birdsong and Judge Pope join in this opinion.

DECIDED DECEMBER 3, 1992 —
RECONSIDERATION DENIED DECEMBER 18, 1992 ▮▮▮▮▮

*Robert H. Benfield, Jr.*, for appellants.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General*, for appellee.