S93G0571. GEORGIA DEPARTMENT OF HUMAN RESOURCES v. POSS et al.

(434 SE2d 488)

BENHAM, Justice.

We granted certiorari after a divided Court of Appeals reversed in part the grant of summary judgment to the Georgia Department of Human Resources (DHR), which had asserted sovereign immunity as the ground for judgment in its favor. *Poss v. DHR*, 206 Ga. App. 890 (426 SE2d 635) (1992).

When appellees filed this renewal action of a suit brought and dismissed in federal court (see *Poss v. Ga. Regional Hosp.*, 676 FSupp. 258 (S.D. Ga. 1987), aff'd *Poss v. Azar*, 874 F2d 820 (11th Cir. 1989)), they named only DHR as a defendant. In their complaint, appellees alleged the department was negligent in failing to train and supervise its staff; in failing to establish rules, regulations, and procedures designed to protect seriously ill patients; and in failing to provide adequate facilities to carry out such care.[1] Citing *Price v. Dept. of Transp.*, 257 Ga. 535 (361 SE2d 146) (1987), and *Mayor &c. of Flemington v. Boatwright*, 259 Ga. 175 (377 SE2d 843) (1989), DHR asserted that appellees' claims were barred by sovereign immunity. The Court of Appeals distinguished *Price* on the ground that it involved a derivative liability claim and, after recognizing that the presence of liability insurance protection constitutes a waiver of sovereign immunity (see 1983 Ga. Const., Art. I, Sec. II, Par. IX),[2] held that DHR was not entitled to summary judgment as it had not shown the

---

[1] Appellees also alleged the department was responsible for the negligence of its employee, the physician who treated and released appellees' son. That theory of liability is not an issue in this appeal.

[2] As appellees' cause of action accrued in 1984, the 1991 amendment to Art. I. Sec. II. Par. IX is not applicable. *Donaldson v. Dept. of Transp.*, 262 Ga. 49 (414 SE2d 638) (1992).

non-existence of insurance coverage.

1. Sovereign immunity is not an affirmative defense (see OCGA § 9-11-8 (c)) that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the State, and the waiver must be established by the party seeking to benefit from the waiver. See *Kelleher v. State of Ga.*, 187 Ga. App. 64 (369 SE2d 341) (1988). Thus, appellees, not appellant, had the burden of establishing that DHR had waived sovereign immunity by obtaining liability insurance protection covering appellees' claim.

2. The insurance coverage provided in the case at bar is identical, in pertinent part, to the coverage provided in *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300, 302 (357 SE2d 569) (1987), and *Price v. Dept. of Transp.*, supra at 536. The policy provides comprehensive general liability insurance for personal injury, bodily injury, death and property damage caused by or resulting from negligence in the performance of duties within the scope of an insured's employment with a participating entity. The term "insureds" is defined within the policy as:

1) *Employees* of the State of Georgia, *employed by participating Departments or Agency, at the time of an occurrence covered hereinafter.*
2) All employees of participating Authorities and Instrumentalities of the State of Georgia, for an occurrence hereinafter covered.
3) Board Members designated by participating entities.
4) Elected or appointed members of participating entities.

Thus, the insurance policy covers the individuals who comprise the department, and the department, not itself an "insured," is provided coverage to the extent it is vicariously liable for the actions of its personnel. *Martin v. DPS*, supra at 303; *Price v. Dept. of Transp.*, supra at 537 (where on motion for reconsideration, this court determined that sovereign immunity was not waived if a departmental employee was not made a party defendant). Sovereign immunity is waived only to the extent of the insurance coverage. *Martin v. DPS*, supra.

The negligence alleged in the case at bar (failure to train and supervise; failure to enact rules and regulations; failure to provide adequate facilities) is attributable to unnamed personnel of DHR. DHR's sovereign immunity is waived to the extent of the insurance coverage provided for the department's vicarious liability for the negligence of its personnel. *Martin v. DPS*, supra at 303, n. 2. However, the department personnel by whom the alleged negligence was committed have never been parties to the action, and the two- and four-

year statutes of limitation for personal injury and property damage have expired. See OCGA §§ 9-3-31; 9-3-33.[3] The periods of limitation having expired, and appellees being unable now to make the allegedly negligent department personnel parties to the renewal action (see *Patterson v. Rosser Fabrap Intl.*, 190 Ga. App. 657 (379 SE2d 787), cert. den. 190 Ga. App. 898 (379 SE2d 787) (1989)), the DHR personnel cannot be held liable. Inasmuch as the department is insured only for its vicarious liability for the negligence of its personnel, that coverage cannot be invoked without a determination that department personnel were liable. See 53 AmJur2d 413, Master & Servant, § 406. Since the allegedly negligent personnel cannot be held liable due to the running of the statutes of limitation, the trial court did not err when it granted complete summary judgment to DHR on the ground that its sovereign immunity had not been waived.

*Judgment reversed. Clarke, C. J., Hunt, P. J., Fletcher, Sears-Collins, Hunstein, JJ., and Judge Richard W. Story concur. Carley, J., disqualified.*

DECIDED SEPTEMBER 20, 1993.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General,* for appellant.

*Robert H. Benfield, Jr., Middleton & Anderson, Clinton W. Sitton,* for appellees.

---

[3] The acts of negligence occurred in October 1984. Suit was timely commenced in federal court in June 1985, dismissed without prejudice in March 1988, and timely filed under the renewal statute (OCGA § 9-2-61) in state court in September 1988.