A05A1204. RODRIGUEZ et al. v. KRAUS et al.
(619 SE2d 800)

PHIPPS, Judge.

Jose and Valeska Rodriguez asserted various tort claims against the City of Roswell and individual defendants. The Rodriguezes appeal the trial court's award of summary judgment to the city. For reasons which follow, we reverse.

In 1999, the Rodriguezes brought this suit against Ken Kraus and Steven Bailey (individually and in their official capacities as City of Roswell police officers), Edwin Williams (individually and in his official capacity as City of Roswell chief of police), and the City of Roswell. The Rodriguezes seek compensatory and punitive damages for personal injuries and loss of consortium, based on claims that Kraus and Bailey falsely arrested, falsely imprisoned, and battered Jose Rodriguez while discharging their duties as City of Roswell police officers. Those claims are predicated on the charge that Kraus and Bailey's arrest of plaintiff, Jose Rodriguez, was unlawful because

it was effected in execution of a warrant that, in fact, had been issued for another Jose Rodriguez.

In 2002, the trial court entered an order granting the defendants' motion for summary judgment on the Rodriguezes' false arrest claim on the ground that their remedy is for unlawful detention, but denying defendants' motion for summary judgment on the Rodriguezes' false imprisonment claim and on their ancillary battery claim.[1] We granted the defendants' application for interlocutory appeal from the trial court's partial denial of their motion for summary judgment. In an unpublished opinion, we reversed the denial of summary judgment to Kraus, Bailey, and Williams in their individual capacities; and we remanded the case for reconsideration of whether, in their official capacities, they as well as the city were entitled to summary judgment.[2]

We held that Kraus, Bailey, and Williams were entitled to summary judgment based on their defense of official immunity to the extent that the Rodriguezes had brought false imprisonment and battery claims against them in their individual capacities. As we recognized in the earlier appeal, a police officer's decision to make an arrest is a discretionary function within the scope of his or her official authority.[3] And, under Georgia law, public officials are entitled to a qualified immunity in their individual capacities for discretionary actions within the scope of their official authority performed without actual malice or actual intent to cause injury.[4] We found insufficient evidence to create a jury issue on the issue of actual malice or actual intent to cause injury.

We also recognized that a cause of action against a municipal police officer in his official capacity is in reality a suit against the municipality involving sovereign immunity;[5] and that, generally, a municipality is immune from liability for the torts of its policemen engaged in their official duties;[6] but that a municipality waives its sovereign immunity through the purchase of liability insurance if the policy covers the occurrence for which the defense of sovereign immunity is available.[7] Here, the defendants raised a defense of

---

[1] The battery claim is ancillary to the false imprisonment claim because, under the allegations of the complaint, if the arrest was lawful no battery occurred.

[2] *Kraus v. Rodriguez*, 262 Ga. App. XXV (2003).

[3] *Anderson v. Cobb*, 258 Ga. App. 159, 160 (2) (573 SE2d 417) (2002).

[4] *Conley v. Dawson*, 257 Ga. App. 665, 668 (2) (572 SE2d 34) (2002); compare *Rodriguez v. Farrell*, 280 F3d 1341 (11th Cir. 2002) (in a § 1983 action police officers who arrest the wrong person because his name is the same as that listed in a warrant are entitled to qualified immunity if the mistake was reasonable).

[5] *Pearson v. City of Atlanta*, 231 Ga. App. 96, 101 (5) (499 SE2d 89) (1998).

[6] OCGA § 36-33-3.

[7] OCGA § 36-33-1.

sovereign immunity but the trial court had not ruled on it. We, therefore, remanded the case for determination of whether Kraus, Bailey, and Williams in their official capacities, as well as the city, were entitled to summary judgment on the Rodriguezes' false imprisonment and battery claims.

In ruling on the city's motion for summary judgment on remand, the trial court found that it had purchased liability insurance covering the Rodriguezes' claims, thereby waiving its defense of sovereign immunity to the extent of its insurance coverage. Nonetheless, the court awarded summary judgment to the city in reliance on Division 1 of *Poss v. Dept. of Human Resources.*[8] There, we applied the rule that "where the liability of the master to an injured third person is purely derivative and dependent entirely upon the doctrine of respondeat superior, a judgment on the merits in favor of the servant and against the third person is res judicata in favor of the master in a suit by such third person."[9] The plaintiffs in *Poss* argued that the grant of summary judgment to the employee did not entitle the employer to summary judgment, because the employee's motion for summary judgment had been based on an immunity defense protecting the employee but not the employer. We rejected that argument, holding that an employer cannot be held liable for the employee's negligence where there has been an adjudication that the employee is not liable.[10] Our decision in *Poss* was reversed on other grounds in *Ga. Dept. of Human Resources v. Poss.*[11] The correctness of our holding in Division 1 of *Poss* was not, however, called into question.

*Gilbert v. Richardson,*[12] however, limited the rule relied on by this court in Division 1 of *Poss* and by the trial court here. *Gilbert* held:

> Under the doctrine of respondeat superior, a principal has no defense based on an agent's immunity from civil liability for an act committed in the course of employment. . . . Immunities, unlike privileges, are not delegable and are available as a defense only to persons who have them. . . . (Where) the agent acts in the scope of employment, the fact that the agent has an immunity from liability does not bar a civil action against the principal. . . . [W]e hold that the official

---

[8] 206 Ga. App. 890 (426 SE2d 635) (1992).
[9] Id. at 892 (1) (citations and punctuation omitted).
[10] Id.
[11] 263 Ga. 347 (434 SE2d 488) (1993).
[12] 264 Ga. 744 (452 SE2d 476) (1994).

immunity of a public employee does not protect a govern-
mental entity from liability under the doctrine of respondeat
superior.[13]

*Gilbert* involved county liability. In *Cameron v. Lang*,[14] the rule of
nondelegable immunity adopted as to counties in *Gilbert* was ex-
tended to municipalities.[15] Therefore, under *Gilbert* and *Cameron*,
the trial court erred in awarding summary judgment to the city under
the rule applied by this court in *Poss*.

The city argues that it was nonetheless entitled to summary
judgment as to the merits of the Rodriguezes' false imprisonment and
ancillary battery claims based on an insufficiency of the evidence to
support the underlying false imprisonment claim. We cannot agree.

In its 2002 order, which we reversed on other grounds, the trial
court determined that there are triable issues of material fact as to
the merits of the false imprisonment claim. The trial court recognized
that, "[f]alse imprisonment is the unlawful detention of the person of
another, for any length of time, whereby such person is deprived of his
personal liberty";[16] and, therefore, the only essential elements of false
imprisonment are detention and the unlawfulness thereof.[17] In reli-
ance on *Reese v. Clayton County*, the trial court characterized the
arrest in this case as the equivalent of a warrantless arrest because
the plaintiff Jose Rodriguez was not the Jose Rodriguez named in the
warrant. The trial court thus reasoned that, to be valid, the arrest
must have come within an exception to the warrant requirement,
specifically the "exigent circumstances" exception. In order to come
within the exigent circumstances exception, an arrest must also be
supported by probable cause.[18] Under OCGA § 51-7-43: "Lack of
probable cause shall exist when the circumstances are such as to
satisfy a reasonable man that the accuser had no ground for proceed-
ing but his desire to injure the accused. Lack of probable cause shall
be a question for the jury, under the direction of the court." The trial
court concluded that in this case, a jury must determine whether the
defendants had sufficient grounds for proceeding with the arrest or
whether their desire to injure the plaintiff was the only motivation for
the arrest.

Although we disagree with the trial court's reasoning in its 2002
order, we do agree with its ultimate determination in the order that

[13] Id. at 753-754 (7).
[14] 274 Ga. 122 (549 SE2d 341) (2001).
[15] Id. at 126-127 (3).
[16] OCGA § 51-7-20.
[17] *Reese v. Clayton County*, 185 Ga. App. 207, 208 (363 SE2d 618) (1987).
[18] *Arbee v. Collins*, 219 Ga. App. 63, 66 (2) (463 SE2d 922) (1995).

there are material issues of fact with respect to the merits of the false imprisonment claim. *Wilson v. Bonner*[19] and *Blocker v. Clark*[20] establish that where the defendants in a false imprisonment case are law enforcement officers who mistakenly arrested the plaintiff because he bore the same name as the person specified in the warrant, the arresting officers' liability depends on whether they exercised due diligence in determining for which of the identically named persons the warrant was intended.[21] What constitutes due diligence is a question for the jury to decide based upon the peculiar facts of each case.[22] Therefore, as to the Rodriguezes' false imprisonment (and battery) claims, there are material issues of fact on the question of whether the officers were negligent in attempting to ascertain the arrestee's true identity, rather than on the question of the lawfulness of or probable cause for the arrest.

Consequently, the court's grant of summary judgment to the city in the order appealed is reversed.

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

Decided August 15, 2005 — ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Willace D. MaGee*, for appellants.

*Carothers & Mitchell, Richard A. Carothers, Thomas M. Mitchell, Christopher J. Hamilton*, for appellees.

---

[19] 166 Ga. App. 9 (303 SE2d 134) (1983).

[20] 126 Ga. 484 (54 SE 1022) (1906).

[21] *Wilson*, supra, 166 Ga. App. at 14 (3).

