A08A1978. AMERICAN MATERIAL SERVICES, INC. et al.
v. GIDDENS.

(675 SE2d 540)

MILLER, Chief Judge.

Jolene C. Giddens sustained back and neck injuries when an 18-wheel tractor-trailer truck driven by Charles Chambers, an employee of American Material Services, Inc. ("American"), struck her vehicle on a Cochran roadway. Giddens sued Chambers, American and Transportation Casualty Insurance Company ("Transportation"), American's insurer, for negligence and negligent hiring, retention and entrustment and also sought recovery of punitive damages. American, Chambers, and Transportation (collectively, "Appellants") appeal from the final judgment entered on the jury verdict in favor of Giddens, arguing that the trial court erred by (i) granting Giddens' motion for judgment notwithstanding the verdict and thereby amending the jury's verdict to include liability against Chambers in the punitive damages verdict and (ii) denying Appellants' motion for directed verdict and motion for judgment notwithstanding the verdict on the issue of punitive damages. For the reasons set forth below, we reverse.

"On a motion for judgment notwithstanding the verdict, the standard of review is whether there is any evidence to support the jury's verdict. [Cit.] This court must construe the evidence in the light most favorable to the party who obtained the jury verdict. [Cit.]" (Footnote omitted.) *Sims v. Sims*, 265 Ga. 55, 56 (452 SE2d 761) (1995). "The standard for granting or denying a judgment

notwithstanding the verdict is the same as that for a directed verdict. [Cit.]" *United Fed. Sav. & Loan Assn. &c. v. Connell*, 166 Ga. App. 329, 330 (1) (304 SE2d 131) (1983).

So viewed, the evidence shows that Chambers, a truck driver for American, was returning from making a work delivery on the morning of October 18, 2003, when his tractor-trailer collided with a car driven by Giddens on East Dykes Street in Cochran. East Dykes Street is a divided three-lane roadway with a turn lane in the center. Just prior to the collision, Giddens was traveling west on East Dykes Street behind Chambers' truck when she observed his truck in the turn lane with the left turn signal activated. Without warning, Chambers veered to the right to turn into a parking lot and struck Giddens' vehicle.

Officer Brent Powell of the Cochran Police Department investigated the accident and detected an odor of alcohol on Chambers' breath. Chambers consented to a pre-arrest breath test, and the results were positive for alcohol. He also complied with an additional breath test on the Intoxilizer 5000, the result of which was 0.043 grams. Consequently, Officer Powell issued citations to Chambers for driving under the influence (OCGA § 40-6-391 (i)) and failure to maintain lane (OCGA § 40-6-48). Officer Powell, a six-year veteran of the Cochran Police Department, testified that, in his opinion, a driver of a transfer truck with a blood alcohol content of 0.043 grams was a dangerous driver on the highway. Giddens incurred approximately $75,000 for her medical expenses and lost wages.

The record shows that on the night prior to the accident, Chambers went to a club for a birthday party and consumed at least "seven or eight" beers, but it "[c]ould have been more." He had nothing further to eat or drink before returning home around 1:00 a.m. on October 18, 2003. Without eating breakfast and having only a cup of coffee en route to Dudley on Saturday morning, Chambers left home between 8:00 a.m. and 9:00 a.m. to deliver a load of fertilizer for American. The accident occurred when Chambers was returning to Cochran from Dudley.

At trial, Chambers admitted to having three prior convictions for driving under the influence of alcohol more than twelve years before this accident. On at least two occasions, Chambers' license was suspended for one year as a result. The parties stipulated that Chambers was American's agent or employee and was acting within the scope of his employment at all times concerning the collision in this case. After Giddens rested her case, Appellants moved for a partial directed verdict, asserting a lack of evidence to support an award of punitive damages against Chambers or an award of punitive damages against American on Giddens' negligent hiring, retention and entrustment claim. The trial court did not rule on the

motion as it pertained to Chambers but denied the motion with respect to the negligent hiring, retention and entrustment claim against American.

After the Appellants rested, Giddens moved for a directed verdict against Chambers as to liability for compensatory damages and also against American on such basis under the doctrine of respondeat superior. The trial court denied Giddens' motion and submitted all issues to the jury for its consideration. After the evidence was closed, the Appellants renewed their motion for partial directed verdict on Chambers' punitive damages liability, and the trial court denied the motion. During the trial court's charge conference, Giddens withdrew her request to charge on negligent entrustment and submitted no requests to charge on the issues of negligent hiring or retention.

The jury returned a verdict in favor of Giddens and against American and Transportation, awarded $85,500 in compensatory damages, and found that punitive damages should be awarded. Subsequently, in the punitive damage phase, the jury returned a verdict finding that "Defendant Charles Chambers acted under the influence of alcohol." Yet the jury imposed no punitive damages against Chambers and awarded punitive damages against American in the amount of $50,000. After inspecting the punitive damages verdict, none of the parties objected to the form of the verdict before the jury dispersed.

On April 4, 2007, before judgment on the verdict was entered, Giddens filed a motion for judgment notwithstanding the verdict as to Chambers' liability, asserting the same grounds she raised in her prior motion for directed verdict. On April 30, 2007, Appellants filed a motion for a partial judgment notwithstanding the verdict to set aside the punitive damages award against American, asserting the same grounds Appellants raised in their prior motion. The trial court granted Giddens' motion for judgment notwithstanding the verdict and denied Appellants' motion for partial judgment notwithstanding the verdict. In its order on the motions, the trial court amended the jury verdict on liability to award compensatory damages of $85,500 against American, Transportation and Chambers and amended the punitive damages verdict to award $50,000 in punitive damages against American and Chambers. On the same day, the trial court entered a final judgment in favor of Giddens and against Appellants in the sum of $85,500 in compensatory damages and in favor of Giddens and against American and Chambers in the amount of $50,000 in punitive damages. This appeal followed.

1. Appellants contend that the trial court erred in granting Giddens' motion for judgment notwithstanding the verdict and

amending the jury's verdict to include Chambers in the punitive damages portion thereof.[1] We agree.

"[A] motion for [judgment notwithstanding the verdict] is simply a reasserted motion for directed verdict, with a second opportunity for the trial court to rule on it before time and expenses are incurred and appellate judicial resources are expended." *Famiglietti v. Brevard Med. Investors*, 197 Ga. App. 164, 167 (2) (397 SE2d 720) (1990); OCGA § 9-11-50 (b). A motion for judgment notwithstanding the verdict "must be based on grounds raised in the motion for directed verdict initially." Id. at 166 (2). Giddens did not raise Chambers' liability for punitive damages in her motion for directed verdict or in her motion for judgment notwithstanding the verdict. As such, the trial court had no basis for imposing punitive damages on Chambers pursuant to Giddens' motion for judgment notwithstanding the verdict. OCGA § 9-11-50 (b). Therefore, we reverse on this ground and direct the trial court to vacate its judgment on the punitive damages verdict against Chambers.

2. Appellants also contend that the trial court erred in denying their motion for directed verdict and motion for partial judgment notwithstanding the verdict on the issue of punitive damages absent clear and convincing evidence to support the award against American. Again, we agree.

Although Giddens argues that evidence of negligent entrustment, hiring and retention was sufficient to uphold the jury's punitive damages verdict against American, the only theory of recovery available to the jury was American's vicarious liability for Chambers' negligence. The trial court has the duty to "instruct the jury on the law as to every controlling, material, substantial and vital issue in the case." (Punctuation and footnote omitted.) *Doreika v. Blotner*, 292 Ga. App. 850, 854 (2) (666 SE2d 21) (2008). We presume the trial court followed this dictate, especially in the absence of any exceptions to the trial court's jury instructions by Giddens. Giddens, moreover, does not argue on appeal that the trial court's instructions were erroneous or incomplete. Giddens withdrew Request to Charge No. 14 addressing the negligent entrustment claim during the charge conference and failed to submit any requests to charge seeking instructions on the theories of negligent hiring and retention. These theories of liability, which were not submitted to the jury, were waived. See *McCannon v. Wilson*, 267 Ga. App. 815, 817 (2) (600 SE2d 796) (2004) (waiver occurs when party fails to object to trial

---

[1] Appellants also appealed the trial court's amendment of the final judgment to include Chambers in the general verdict. However, the parties reached a settlement regarding the general verdict on liability. Therefore, the general verdict is not at issue on appeal.

court's jury instructions); OCGA § 5-5-24 (a); compare *Overground Atlanta v. Dunn*, 191 Ga. App. 188, 191 (1) (381 SE2d 137) (1989) (jury authorized to impose liability on employer under direct theory of liability where jury was instructed on employer's duties, including duty to hire fit and suitable employees).

Under the doctrine of respondeat superior, an employer's liability is purely derivative of its employee's liability and accordingly, the award of punitive damages against American cannot stand. Where, as here,

> [American's] liability depends solely upon the doctrine of respondeat superior, recovery cannot be had against [American] for damages resulting from the alleged wrongful or negligent act of [its] employee, [Chambers,] after [Chambers] has been discharged from personal liability.

(Citation and punctuation omitted.) *Poss v. Dept. of Human Resources*, 206 Ga. App. 890, 892 (1) (426 SE2d 635) (1992); *H & H Subs v. Lim*, 213 Ga. App. 371, 372 (1) (444 SE2d 404) (1994) (where employer's liability is entirely dependent on the principle of respondeat superior, a verdict exonerating the employee also exonerates the employer). Because there was no evidentiary basis for the jury's punitive damages verdict against American, viewing the evidence in the light most favorable to Giddens, the trial court erred by denying Appellants' motion for judgment notwithstanding the verdict. OCGA § 9-11-50 (b).

Even if the jury had awarded punitive damages against Chambers, a punitive damages award against American would be foreclosed by OCGA § 51-12-5.1 (f) in light of the jury's finding that Chambers acted under the influence of alcohol. This Code section provides, in relevant part, that "if it is found . . . that the defendant acted or failed to act while under the influence of alcohol . . . [punitive] damages shall not be the liability of any defendant other than an active tort-feasor," meaning the defendant acting under the influence of alcohol. OCGA § 51-12-5.1 (f); see also *Capp v. Carlito's Mexican Bar & Grill, #1*, 288 Ga. App. 779, 783-784 (3) (665 SE2d 232) (2007). Under OCGA § 51-12-5.1 (f), the jury would not have been authorized to impose punitive damages on American, a passive tortfeasor, based on Chambers' culpable conduct. Id. at 784 (3) (punitive damages against a server of alcohol was not authorized).

For the reasons set forth above, we reverse on this ground as well and remand with direction that the trial court vacate its judgment on punitive damages against American.

*Judgment reversed and case remanded with direction. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MARCH 16, 2009.

*Smart & Harris, Don Smart,* for appellants.
*Hall, Bloch, Garland & Meyer, Benjamin M. Garland,* for appellee.