A96A1725. RAWLS v. BULLOCH COUNTY SCHOOL DISTRICT.
(477 SE2d 383)

JOHNSON, Judge.

James Rawls sued the Bulloch County School District, alleging it negligently failed to protect him from a foreseeable attack by Timmy Marshall. The trial court granted summary judgment to the school district, finding it entitled to sovereign immunity. Rawls appeals,

claiming the trial court erred because an issue of material fact still exists regarding whether the school district was negligent. We affirm.

On the afternoon of Thursday, October 15, 1992, Angie Rawls, the sister of James Rawls, was looking out the school bus window to see if her brother would board the bus to go home from Statesboro High School, where both were enrolled. Timmy Marshall, another Statesboro High student, was sitting between Angie Rawls and the bus window. Marshall asked why Angie was looking at him, and she responded that she was not. Angie Rawls and Marshall argued until James Rawls boarded the bus. There was no other seat left for James Rawls to sit in, so he asked Marshall if he could share Marshall's seat. Marshall refused, but James sat down with him anyway. Marshall elbowed James and James asked Marshall to stop. Marshall elbowed James again and James responded by punching Marshall. After this scuffle, Marshall left the seat and shouted to the bus driver that he would kill James and Angie.

There was no school on Friday, October 16. On the following Monday, October 19, James and Angie Rawls and Marshall all rode the bus to school. After the bus arrived at the school, James and Angie Rawls got off together and walked toward the school building. They were ten to thirty feet away from the bus when Marshall attacked James Rawls with a hammer. James suffered a fractured skull requiring the implantation of a metal plate, multiple broken teeth, and some paralysis on the left side of his body.

The school district correctly claims it is entitled to sovereign immunity from James Rawls' suit. "The 1991 amendment [to Ga. Const. of 1983, Art. I, Sec. II, Par. IX] extending sovereign immunity 'to the state and all of its departments and agencies' includes county-wide school districts. . . ." *Coffee County v. Snipes*, 216 Ga. App. 293, 294 (454 SE2d 149) (1995); see *Davis v. Dublin City Bd. of Ed.*, 219 Ga. App. 121, 122 (1) (464 SE2d 251) (1995). This sovereign immunity "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). See *Gilbert v. Richardson*, 264 Ga. 744, 747-748 (3) (452 SE2d 476) (1994).

Rawls' assertion that OCGA § 20-2-1090 provides such a waiver in these facts is without merit. OCGA § 20-2-1090 requires county school boards to purchase insurance for the purpose of "insuring the school children riding [school buses] to and from school against bodily injury . . . resulting from an accident or collision in which such buses are involved." No bus was involved in a collision or accident in this case, and OCGA § 20-2-1090 says nothing about a waiver of sovereign immunity or the extent of any such waiver. Compare OCGA

§ 33-24-51 as interpreted in *Gilbert*, supra at 748-751 (4). The trial court's grant of summary judgment was therefore proper. Whether the county was negligent, as Rawls claims it was, is not an issue which can be reached.

Moreover, even if sovereign immunity did not apply, "an intervening criminal act of a third party, without which the injury would not have occurred, will . . . be treated as the proximate cause of the injury thus breaking the causal connection between the defendants' negligence and the injury unless the criminal act was a reasonably foreseeable consequence of the defendants' conduct. [Cit.]" *Wright v. Ashe*, 220 Ga. App. 91, 94 (469 SE2d 268) (1996). James and Angie Rawls both testified in deposition that threats such as the one Marshall made were not unusual among the students in their school, and that they did not take Marshall's threats seriously. Rawls and his sister forgot about the threats over the weekend and testified that neither they nor, so far as they knew, anyone on their behalf, told any law enforcement personnel or school employees other than the bus driver that Marshall had threatened them. Rawls has therefore not shown that Marshall's attack was reasonably foreseeable.

*Judgment affirmed. McMurray, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 16, 1996 — 

*Richard Phillips*, for appellant.

*Chambers, Mabry, McClelland & Brooks, Lawrence J. Hogan, Charles G. Ragsdale, Beckmann & Pinson, Joseph H. Barrow, William R. Dekle, Turner & Pool, Vanderver R. Pool*, for appellee.