### A97A1156. COFFEE COUNTY SCHOOL DISTRICT v. KING.
#### (493 SE2d 563)

POPE, Presiding Judge.

Appellant Coffee County School District claims that the superior court erred in denying its motion for summary judgment, in which it argued that Tammy Jo King's personal injury suit was barred because of sovereign immunity. Concluding that the denial of the motion was proper, we affirm.

This lawsuit arose from an accident on April 18, 1995, between a vehicle King was driving and a Coffee County school bus driven by Mathew Roberts. On November 9, 1995, King filed suit against the Coffee County Board of Education (she subsequently substituted Coffee County School District for this defendant) and Roberts. King alleged that she was injured when Roberts, acting in the scope of his employment, negligently drove the bus. It is undisputed that on the accident date, the Coffee County School District had in effect a liability insurance policy.

The Coffee County School District and Roberts filed a summary judgment motion, claiming that the lawsuit was barred by sovereign and official immunity. The superior court denied the motion and we granted the school district's application for interlocutory review. Here, citing *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293 (454 SE2d 149) (1995), and *Rawls v. Bulloch County School Dist.*, 223 Ga. App. 234 (477 SE2d 383) (1996), the school district argues that the court erred by denying its motion. We disagree and affirm.

In *Coffee County School Dist. v. Snipes*, this Court concluded that the 1991 amendment to Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983 extended sovereign immunity to county-wide school districts. "This sovereign immunity can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver. Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). See *Gilbert v. Richardson*, 264 Ga. 744, 747-748 (3) (452 SE2d 476) (1994)." (Punctuation omitted.) *Rawls v. Bulloch County School Dist.*, 223 Ga. App. at 235. Thus, in deciding whether the Coffee County School District is immune from suit, we must determine whether there is legislation which specifically waives the immunity.

Although the Georgia Tort Claims Act provides for a limited waiver of the state's sovereign immunity, school districts are expressly excluded from the waiver. *Coffee County School Dist. v.*

*Snipes,* 216 Ga. App. at 295; OCGA § 50-21-22 (5). Thus, the pertinent statutes to our inquiry are OCGA § 33-24-51 and the statutes regarding the liability of school boards, OCGA §§ 20-2-991 and 20-2-1090. OCGA § 33-24-51 (b) waives the sovereign immunity of a county as to tort claims which arise out of the alleged negligent use of an insured motor vehicle — to the extent of the insurance. *Gilbert v. Richardson,* 264 Ga. at 749 (4); *Woodard v. Laurens County,* 265 Ga. 404 (1) (456 SE2d 581) (1995); *Blumsack v. Bartow County,* 223 Ga. App. 392 (477 SE2d 642) (1996). In *Blumsack v. Bartow County,* this Court explained: "[p]ursuant to OCGA § 33-24-51 (a), a county has the authority to secure and provide insurance to cover liability for damages on account of bodily injury or death resulting from bodily injury arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the county. Subsection (b) of this statute provides that if the county provides liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his official duties, its governmental immunity shall be waived to the extent of the amount of insurance so purchased. OCGA § 33-24-51 (a) gives counties the right to purchase insurance; OCGA § 33-24-51 (b) describes when insurance operates to waive sovereign immunity." (Citations and punctuation omitted.) *Blumsack v. Bartow County,* 223 Ga. App. at 393.

OCGA § 20-2-991 provides that boards of education are authorized to purchase liability insurance policies insuring employees and board members against damages arising out of the performance of their duties based on negligence. OCGA § 20-2-1092 provides that — in addition to insuring school children against injury pursuant to OCGA § 20-2-1090 — the school boards are authorized to insure the general public against injury resulting from the negligent operation of school buses. Then OCGA § 20-2-1092 states: "[n]othing, however in this part shall be construed as imposing legal liability upon such boards on account of such accidents. Wherever an insurance company issues a policy containing such a provision, the company shall be estopped to deny its liability thereunder on account of the nonliability of the school board."

Here, the Coffee County School District argues that *Snipes* and *Rawls* indicate that because OCGA §§ 20-2-991 and 20-2-1090 pertain specifically to boards of education and because nothing in those statutes specifically waives sovereign immunity, OCGA § 33-24-51 does not apply, and the immunity was not waived. We disagree. In *Coffee County School Dist. v. Snipes,* 216 Ga. App. at 296, which involved a lawsuit for injuries a child suffered in a fall, the court explained that because neither OCGA § 20-2-991 nor any other legislative act specifically waived the school district's immunity, the Coffee County School District was entitled to summary judgment. See

also *Davis v. Dublin City Bd. of Ed.*, 219 Ga. App. 121 (3) (464 SE2d 251) (1995).

*Rawls v. Bulloch County School Dist.*, 223 Ga. App. at 234, involved a fight between school children *near* a school bus, in which this Court also determined. that there was no waiver of sovereign immunity. The Court stated: "[n]o bus was involved in a collision or accident in this case, and OCGA § 20-2-1090 says nothing about a waiver of sovereign immunity or the extent of any such waiver. Compare OCGA § 33-24-51 as interpreted in *Gilbert*, supra at 748-751 (4)." Id. at 235-236. Neither *Snipes* nor *Rawls* involved a vehicular accident with an insured bus and thus this Court did not address the interrelation of OCGA §§ 20-2-1092 and 33-24-51.

The critical fact in this case is that a vehicular accident *was* involved and the waiver of sovereign immunity under OCGA § 33-24-51 is dispositive. See *Blumsack v. Bartow County*, 223 Ga. App. at 393; *Crider v. Zurich Ins. Co.*, 222 Ga. App. 177 (474 SE2d 89) (1996); see generally *Crisp County School System v. Brown*, 226 Ga. App. 800 (1) (487 SE2d 512) (1997). This result does not conflict with OCGA § 20-2-1092 and comports with prior cases interpreting OCGA § 33-24-51 as a specific waiver of immunity. See, e.g., *DeKalb County School Dist. v. Bowden*, 177 Ga. App. 296 (339 SE2d 356) (1985); *Ga. Farm &c. Ins. Co. v. Greene*, 174 Ga. App. 120, 121 (329 SE2d 204) (1985); see generally *Roberts v. Burke County School Dist.*, 267 Ga. 665 (482 SE2d 283) (1997).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED NOVEMBER 4, 1997 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Dillard, Bower & East, Bryant H. Bower, Jr., Joseph E. East*, for appellant.
*Starling & Starling, Donald A. Starling*, for appellee.