A99A1404, A99A1405. MAXWELL v. CRONAN et al. (two cases).

(527 SE2d 1)

McMURRAY, Presiding Judge.

Plaintiff Dennis C. Maxwell[1] brought this tort action against defendants Frances Louise Cronan, the Newton County School District, certain school board members, and the school superintendent, seeking to recover for personal injuries received in a vehicular mishap on February 9, 1994, allegedly caused by the negligence of defendant Cronan for which negligence the other defendants were allegedly vicariously liable. Defendants jointly answered, admitting that plaintiff's vehicle was struck from behind by a Newton County School District bus driven by defendant Cronan but defending on the grounds of sovereign and official immunity. In an order entered June 18, 1997, the trial court granted defendants' motion for judgment on the pleadings concluding the individual board members, the superintendent, and defendant Cronan were at all times acting in a discretionary capacity without actual malice, and that the School District "has not waived the sovereign immunity afforded to it by the purchase of liability insurance," citing *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293 (454 SE2d 149). In Case No. A99A1404, plaintiff appeals from this order. In Case No. A99A1405, plaintiff appeals from the order entered October 1, 1998, denying his extraordinary motion for reconsideration or for judgment on the pleadings. *Held*:

*Case No. A99A1404*

1. Plaintiff contends the trial court erred in dismissing the complaint on the basis of sovereign and official immunity because the

---

[1] Plaintiff Rhonda Maxwell's claim for loss of consortium was dismissed without prejudice.

school district waived those defenses by operation of OCGA § 33-24-51, due to the existence of automobile liability insurance covering the school bus at issue. We agree the existence of liability insurance coverage for injuries arising out of the use of the school bus at issue would operate as a waiver of sovereign immunity, to the extent of the insurance, for the defendant school district under the controlling authority of *Coffee County School Dist. v. King*, 229 Ga. App. 143 (493 SE2d 563). *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, supra, does not control, for it involves injuries to a "child who fell while playing at school . . ." and not the negligent operation of a school bus on the public roads. Nevertheless, defendants contend there is no evidence of insurance coverage.

This ground of waiver was urged below in plaintiff's amended complaint, filed in response to defendants' initial motion, which did not address any possible waiver of immunity through the existence of liability coverage.

"For purposes of defendant's motion for judgment on the pleadings, all well-pleaded allegations of plaintiff's complaint are taken as true and all allegations of defendant's affirmative defense are taken as false. [Cits.]" *Hancock v. Nashville Investment Co.*, 128 Ga. App. 58, 60 (3) (195 SE2d 674). Immunity is not an affirmative defense within the meaning of OCGA § 9-11-8 (c), in that it is not lost even if not raised in the first responsive pleading, and any waiver must be established by the party benefiting from such waiver. *Ga. Dept. of Human Resources v. Poss*, 263 Ga. 347, 348 (1) (434 SE2d 488). But that is a matter of fact to be established after discovery. In this case, plaintiff amended his complaint to allege the following:

> Though the defendants normally might have immunity under the theory of governmental immunity or sovereign immunity . . . , said immunity is waived in accordance with OCGA § 33-24-51 to the extent of the limits of any existing coverage pertaining to the operation of a motor vehicle by Defendant Cronan or other employees of Defendant Newton County School District.

"All pleadings shall be so construed as to do substantial justice." OCGA § 9-11-8 (f). Although not a model of clarity, the amended complaint alleges, in substance, the existence of a motor vehicle liability insurance policy, with an indeterminate amount of coverage. The legal consequence of the existence of a motor vehicle liability policy is to waive any immunity to the extent of coverage. This amendment was, in our view, sufficient to put the onus on the defendant school district to submit an affidavit denying the existence of a motor vehicle liability policy. Plaintiff distinguished the authorities cited by

defendants to the trial court, in part, on the ground they did not involve insurance coverage. No transcript of any hearing exists, and no discovery or affidavit evidence, indicating the absence of liability insurance coverage, was filed in support of defendants' motion for judgment on the pleadings.[2] The grant of a motion for judgment on the pleadings under OCGA § 9-11-12 (c) is proper only where there is a complete failure to state a cause of action or defense. *Pressley v. Maxwell*, 242 Ga. 360 (249 SE2d 49). Defendants' motion fails to negate the waiver of immunity arising from the motor vehicle liability insurance policy alleged in the amended complaint. Consequently, we reverse the grant of defendants' OCGA § 9-11-12 (c) motion for judgment on the pleadings in Case No. A99A1404.

### Case No. A99A1405

2. Since remaining contentions are rendered moot by our reversal in Case No. A99A1404, the appeal in Case No. A99A1405 is dismissed as moot. OCGA § 5-6-48 (b) (3).

*Judgment reversed in Case No. A99A1404. Appeal dismissed in Case No. A99A1405. Johnson, C. J., Pope, P. J., Smith, Ruffin and Eldridge, JJ., concur. Andrews, P. J., dissents.*

ANDREWS, Presiding Judge, dissenting.

Because I believe that Maxwell has not properly alleged that the county has waived sovereign immunity by the purchase of insurance, I respectfully dissent.

Maxwell's only argument on appeal is that the trial court erred in granting appellees' motion for judgment on the pleadings because the county waived sovereign immunity under OCGA § 33-24-51 (b) by purchasing insurance for its school buses. The trial court held a hearing on the defendants' motion for judgment on the pleadings, after which it specifically found that defendants had not waived sovereign immunity by the purchase of liability insurance. But, Maxwell has not submitted a transcript of the hearing, and therefore, we can look only to the pleadings before us to determine whether they allege the county has waived sovereign immunity by purchasing insurance. They do not. The only mention of the waiver of sovereign immunity is in Maxwell's amended complaint, which states:

Though the Defendants normally might have immunity under the theory of governmental or sovereign immunity as

---

[2] This would convert the motion for judgment on the pleadings into one for summary judgment. OCGA § 9-11-12 (c). Such was the procedural posture of *Ga. Dept. of Human Resources v. Poss*, 263 Ga. at 347, supra, unlike this case.

described in the Constitution of the State of Georgia (Article I, Section 2, Paragraph 9), said immunity is waived in accordance with OCGA § 33-24-51 to the extent of the limits of *any* existing insurance coverage pertaining to the operation of a motor vehicle by Defendant Cronan or other employees of Defendant Newton County School District.

While this is a true statement of the law, this is not an allegation of fact that the county has insurance.

Further, this is not a case in which the school district must plead a lack of insurance as an affirmative defense. That is not the law. Sovereign immunity is not an affirmative defense that must be established by the party seeking its protection. A waiver of sovereign immunity must be established by the party seeking to benefit from the waiver. *Ga. Dept. of Human Resources v. Poss*, 263 Ga. 347, 348 (434 SE2d 488) (1993); *Kordares v. Gwinnett County*, 220 Ga. App. 848, 849 (470 SE2d 479) (1996). Therefore, in light of the above, I would affirm the judgment of the trial court.

DECIDED NOVEMBER 23, 1999 —
RECONSIDERATION DENIED DECEMBER 15, 1999.

*Hartley & Puls, Carl A. Puls, Jr., Andrew W. Estes, Kathy E. Jarman*, for appellant.

*Chambers, Mabry, McClelland & Brooks, James T. Budd, William R. Youngblood, E. Wycliffe Orr, William K. Campbell*, for appellees.