A05A1620. SPALDING COUNTY et al. v. BLANCHARD.
(620 SE2d 659)

PHIPPS, Judge.

In this interlocutory appeal, the question is whether the plaintiff or the defendants bear the burden of showing waiver of a well-pled defense of sovereign immunity. The trial court placed the burden on the defendants. Because our case law places the burden on the plaintiff, we reverse.

Kenneth Blanchard, an inmate at the Spalding County Correctional Institute (SCCI), was assigned to a work detail. While performing manual labor, he received serious head injuries allegedly caused by the operation of a backhoe by a SCCI correctional officer. To recover damages, Blanchard sued Spalding County. Also named as defendants were the SCCI warden, the correctional officer who was operating the backhoe, and various other correctional officers, in their individual and official capacities.

Spalding County, and the warden and correctional officers in their official capacities, asserted the defense of sovereign immunity.[1] Following discovery, they moved for summary judgment on the ground that Blanchard had made no showing of a waiver of sovereign immunity through the purchase of liability insurance for use of the backhoe.[2] In opposition, Blanchard argued that the burden was on the defendants to show that sovereign immunity had not been waived through the purchase of insurance. The trial court entered an order which, in pertinent part, denied summary judgment to Spalding

---

[1] "Suits against 'public employees in their official capacities are in reality suits against the state and, therefore, involve sovereign immunity.'" *Cameron v. Lang*, 274 Ga. 122, 126 (3) (549 SE2d 341) (2001) (footnote omitted).

[2] Compare *Crider v. Zurich Ins. Co.*, 222 Ga. App. 177 (2) (474 SE2d 89) (1996).

County and to the warden and correctional officers in their official capacities on the ground that there is a material issue of fact as to whether there had been a waiver of sovereign immunity through the purchase of insurance. We granted the defendants' application for interlocutory appeal.

As held in *Ga. Dept. of Human Resources v. Poss*,[3] "[s]overeign immunity is not an affirmative defense . . . that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the State, and the waiver must be established by the party seeking to benefit from the waiver."[4] Thus, Blanchard, not the defendants, had the burden of establishing that the county had waived sovereign immunity by purchasing liability insurance protection covering his claim.[5]

> To prevail at summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the nonmovant's favor, warrant judgment as a matter of law. A defendant who will not bear the burden of proof at trial need only show an absence of evidence to support an essential element of the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.[6]

Here, as in *Poss*,[7] the defense showed an absence of evidence of a waiver of sovereign immunity, which is an essential element of part of Blanchard's case. Because Blanchard failed to point to any evidence of a waiver, the trial court erred by denying summary judgment to the county, the warden, and the correctional officers in their official capacities.[8]

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

---

[3] 263 Ga. 347 (434 SE2d 488) (1993), overruled in part on other grounds, *Hedquist v. Merrill Lynch, Pierce, Fenner & Smith*, 272 Ga. 209, 210 (1) (528 SE2d 508) (2000).

[4] *Poss*, supra, 263 Ga. at 348 (1) (citation omitted).

[5] Id.; see *Smith v. Chatham County*, 264 Ga. App. 566, 567 (1) (591 SE2d 388) (2003) (county waives sovereign immunity through purchase of liability insurance but not by establishing a self-insurance plan).

[6] *Latson v. Boaz*, 278 Ga. 113, 113-114 (598 SE2d 485) (2004) (citations and punctuation omitted).

[7] Supra.

[8] Compare *Maxwell v. Cronan*, 241 Ga. App. 491 (1) (527 SE2d 1) (1999) (trial court erred in granting defendants' motion for judgment on the pleadings where complaint alleged in substance that defendants had waived immunity through purchase of liability insurance, defendants had not shown the absence of liability insurance coverage, and discovery had not been conducted).

DECIDED SEPTEMBER 8, 2005 —

*Swift, Currie, McGhee & Hiers, Christopher D. Balch*, for appellants.

*Dock H. Davis*, for appellee.