**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 20, 2015**

# In the Court of Appeals of Georgia

A14A1988. TIFT COUNTY SCHOOL DISTRICT et al. v. DO-098 MARTINEZ et al.

DOYLE, Presiding Judge.

Isabel Martinez sued the Tift County School District and Marie Thompson, a school bus driver, seeking damages arising from the death of her son when he was hit by a car while attempting to board a school bus. The District and Thompson appeal from the denial of their motion for summary judgment filed on sovereign immunity and official immunity grounds. Specifically, they contend that the trial court erred by ruling that (1) OCGA § 33-24-51 expressly provides for a waiver of sovereign immunity based on the purchase of motor vehicle insurance; (2) the District and Thompson waived sovereign and official immunity by stipulation; and (3) certain

arguments about the scope of the waiver were moot because they were not presented prior to entry of the pretrial order. For the reasons that follow, we affirm.

"On appeal from the grant of summary judgment, this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[1] So viewed, the record shows that one morning in May 2010, Jonathan Martinez waited at his assigned roadside location to board the school bus that customarily took him to school. The speed limit on the road is 55 miles per hour, and visibility was reduced by heavy fog that morning. Thompson was driving the school bus, and after she stopped the bus at the customary location and activated the warning signals, Jonathan attempted to cross the street to board the bus. As he crossed, he was struck by an oncoming vehicle that failed to yield for the stopped school bus.

Isabel Martinez filed suit against the District, Thompson, and the driver[2] who struck Jonathan, alleging various claims for negligence. As to the District and

---

[1] *Bomia v. Ben Hill County School Dist.*, 320 Ga. App. 423 (740 SE2d 185) (2013).

[2] The driver, Mason Thompson (no relation), is not a party in this appeal.

Thompson, Martinez alleged that they failed to follow certain policies, properly instruct students, exercise due care, and exhibit due regard for the safety of others. As to the District only, Martinez alleged claims for negligent hiring, retention, entrustment, and evaluation of Thompson.

The defendants answered, and in December 2013, Thompson moved for summary judgment on official immunity grounds. In January 2014, the parties entered into a stipulation, filed with the court, stating that Thompson, as a public employee, was immune from personal liability for "performing a discretionary function in the scope of her employment and acting without actual malice. This Immunity applies to any act involving the monitoring, supervising[,] and controlling of students while operating a school bus." The stipulation went on to state that "[however, because the school bus, which she was operating, was owned and insured by the Tift County School District, then the presence of this liability insurance will operate as a waiver by Marie Thompson['s] Official Immunity to the extent of the insurance coverage when she is sued in her official capacity." The stipulation further stated that the District held a commercial automobile liability policy with a $1 million limit, and the District's sovereign immunity was waived to the extent of the amount of insurance purchased.

3

The trial court adopted the stipulation as part of the pre-trial order and deemed Thompson's motion granted with respect to official immunity from liability in her individual capacity. That ruling has not been appealed.

After retaining new counsel, the District and Thompson obtained leave to file a second motion for summary judgment (filed after entry of the pre-trial order), arguing that the stipulation was ineffectual absent a statutory waiver of immunity and that no such waiver applied here. The trial court denied that motion, ruling based on the stipulation and statutory authority that the District had waived its sovereign immunity to the extent of the motor vehicle insurance it purchased. The District and Thompson now appeal.

1. At the outset, we note that

> [s]overeign immunity extends to the State and all of its departments and agencies, including [school districts].[3] The sovereign immunity of the State and its departments and agencies can only be waived by an Act of the General Assembly[,] which specifically provides that sovereign immunity is thereby waived and the extent of such waiver. . . . Further,

---

[3] See *DeKalb County School Dist. v. Gold*, 318 Ga. App. 633, 636 (1) (734 SE2d 466) (2012) ("The [School] Board, the School District, the Board's members, and the superintendent enjoy sovereign immunity."); citing *Teston v. Collins*, 217 Ga. App. 829, 831 (2) (459 SE2d 452) (1995) (the State's sovereign immunity extends to county-wide school districts).

4

sovereign immunity is not an affirmative defense (see OCGA § 9-11-8
(c)) that must be established by the party seeking its protection. Instead,
immunity from suit is a privilege that is subject to waiver by the State,
and the waiver must be established by the party seeking to benefit from
the waiver.[4]

The appellants argue that the trial court erred by ruling that the District's

sovereign immunity was waived under OCGA § 33-24-51, which provides as follows:

(a) A municipal corporation, a county, or any other political
subdivision of this [S]tate is authorized in its discretion to secure and
provide insurance to cover liability for damages on account of bodily
injury or death resulting from bodily injury to any person or for damage
to property of any person, or for both arising by reason of ownership,
maintenance, operation, or use of any motor vehicle by the municipal
corporation, county, or any other political subdivision of this [S]tate
under its management, control, or supervision, whether in a
governmental undertaking or not, and to pay premiums for the insurance
coverage.

(b) The sovereign immunity of local government entities for a loss
arising out of claims for the negligent use of a covered motor vehicle is
waived as provided in Code Section 36-92-2. *Whenever a municipal
corporation, a county, or any other political subdivision of this [S]tate*

---

[4] (Citation, emphasis, and punctuation omitted.) *Bartow County v. Southern
Dev., III, L.P.*, 325 Ga. App. 879, 881-882 (1) (756 SE2d 11) (2014).

*shall purchase the insurance authorized by subsection (a)* of this Code section to provide liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his or her official duties in an amount greater than the amount of immunity waived as in Code Section 36-92-2, *its governmental immunity shall be waived to the extent of the amount of insurance so purchased.* Neither the municipal corporation, county, or political subdivision of this [S]tate nor the insuring company shall plead governmental immunity as a defense; and the municipal corporation, county, or political subdivision of this [S]tate or the insuring company may make only those defenses which could be made if the insured were a private person.[5]

OCGA § 36-92-2 (a) provides that "[t]he sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived up to the [certain] limits," regardless of the purchase of motor vehicle insurance.

The appellants point to OCGA § 36-92-1 (3), which explicitly excludes local school systems from the definition of "local government entities," thereby exempting local school systems such as the District from the waiver of immunity in OCGA § 36-

---

[5] (Emphasis supplied.)

92-2. Because OCGA § 33-24-51 (b) refers to the waiver in OCGA § 36-92-2, they argue that the District is likewise excluded from the waiver in OCGA § 33-24-51 (b).

This construction overlooks plain distinctions in the language of OCGA § 33-24-51 (b) and misconstrues the statutory scheme. As explained in *Gates v. Glass*,[6]

> [a]n examination of OCGA § 36-92-1 et seq., as well as the earlier and revised versions of OCGA § 33-24-51 (a) and (b), demonstrates an intent on the part of the legislature to create a two-tier scheme within which local governments are deemed to have waived sovereign immunity with regard to accidents arising from the operation of their motor vehicles. The first tier, [which explicitly excludes school districts and is] established under OCGA § 36-92-1 et seq., requires local entities to waive sovereign immunity — up to certain prescribed limits — for incidents involving motor vehicles regardless of whether they procure automobile liability insurance. The second tier, [which does not exclude school districts and is] enacted by OCGA § 33-24-51 (b), and as revised in 2002, provides for the waiver of sovereign immunity to the extent a local entity purchases liability insurance in an amount exceeding the limits prescribed in OCGA § 36-92-2. It follows that, where, as here, a local entity purchases automobile liability insurance in an amount greater than the prescribed limits set forth for a waiver of sovereign immunity under OCGA § 36-92-1 et seq., the entity waives sovereign immunity to the extent of its insurance coverage as required by OCGA § 33-24-51 (b).

---

[6] 291 Ga. 350, 352-353 (729 SE2d 361) (2012).

7

Appellants are correct that there is no waiver of immunity for school districts under OCGA § 36-92-1, but that does not end the analysis. The second tier of waiver does not exclude school districts, and it explicitly provides for a waiver of immunity to the extent that a local entity purchases motor vehicle insurance greater than the waiver (in this case none) provided in OCGA § 36-92-1.

This is evidenced by the General Assembly's precise use of language in OCGA § 33-24-51 (b). The first sentence, stating that sovereign immunity is waived as provided in OCGA § 36-92-2, carefully tracks the language of that Code section and refers to "local government entities," which, by definition, explicitly excludes school districts. But the next sentence of OCGA § 33-24-51 (b), which creates the second tier described above, departs from that nomenclature and states more broadly that "[w]henever a municipal corporation, a county, *or any other political subdivision of this [S]tate* shall purchase" motor vehicle insurance in an amount greater than the waiver in OCGA § 36-92-2, governmental immunity is waived to the extent of such insurance coverage. "All statutes are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference

8

to it,"[7] therefore, in the absence of any ambiguity, we must give effect to the plain meaning of this more general phrase, "any other political subdivision," and apply it as written.[8] If the General Assembly intended to exclude school districts from this waiver of immunity it could have used the language it already employed in the preceding sentence of OCGA § 33-24-51 (b); but it did not, instead retaining the different, more inclusive language, "any other political subdivision." Accordingly, the District's immunity is waived to the extent of the coverage of the motor vehicle insurance it purchased.[9]

2. The conclusion in Division 1 moots the appellants' challenge to the trial court's ruling that immunity was waived by stipulation, but we note that parties may

---

[7] (Citation omitted.) *Poteat v. Butler*, 231 Ga. 187, 188 (1) (200 SE2d 741) (1973).

[8] See generally *Coffee County Sch. Dist. v. Snipes*, 216 Ga. App. 293, 294 (454 SE2d 149) (1995) (county-wide school districts are political subdivisions of the State).

[9] See *Bomia*, 320 Ga. App. at 425 ("For losses arising out of claims for the negligent use of a covered motor vehicle, sovereign immunity for local government entities, such as the School District, is waived . . . to the extent that local government entities purchase [motor vehicle] liability insurance in excess of the set limits.").

9

not waive the State's immunity because "only the General Assembly may waive sovereign immunity for the State."[10]

We further clarify that the stipulation as written attempts to waive Thompson's official immunity "to the extent of the insurance coverage when she is sued in her official capacity." This misapprehends the nature of official immunity. "While sovereign immunity protects . . . the State itself, including its agencies and instrumentalities, official immunity protects state employees from being sued in their *personal* capacities."[11] Martinez has stipulated that Thompson herself is immune from personal liability for any acts falling within the rubric of official immunity, including "any act involving the monitoring, supervising and controlling of students while operating a school bus." And Martinez has not appealed the order of the trial court adopting this portion of the stipulation, essentially relieving Thompson of personal liability. Any remaining questions of liability are on the part of the District, to the

---

[10] *Ga. Dept. of Natural Resources v. Center for a Sustainable Coast, Inc.*, 294 Ga. 593, 597 (2) (755 SE2d 184) (2014).

[11] *Shekhawat v. Jones*, 293 Ga. 468, 470 (1) (746 SE2d 89) (2013).

extent proven and within the scope of the waiver of sovereign immunity discussed in this opinion.[12]

3. The appellants argue that the trial court erred by ruling that their substantive contentions as to negligence were moot. While the questions of negligence were not moot in light of the trial court's correct conclusion that the District's immunity had been waived to the extent of the motor vehicle insurance, the trial court's order essentially declined to rule on those substantive contentions at that time because they did not comply with the court's earlier scheduling order. We decline to disturb the trial court's exercise of discretion in this regard. But to the extent that the trial court's ruling can be construed to mean that every case of negligence falls within the waiver of immunity, this is error. The extent of the District's liability is defined by the statutory waiver of immunity: "The municipal corporation, county, or any other political subdivision of this [S]tate shall be liable for damages in excess of the amount of immunity waived as provided in Code Section 36-92-2 which are sustained *only while the insurance is in force and only to the extent of the limits or the coverage*

---

[12] See *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 56 (2) (414 SE2d 638) (1992) ("While suits against public employees in their personal capacities involve official immunity, suits against public employees in their official capacities are in reality suits against the [S]tate and, therefore, involve sovereign immunity.") (Hunt, J., concurring).

11

*of the insurance policy*."[13] Accordingly, any potential liability is limited to the amount and scope of the District's motor vehicle coverage in effect.

*Judgment affirmed. Miller and Dillard, JJ., concur*.

---

[13] (Emphasis supplied.) OCGA § 33-24-51 (c).