**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 1, 2018**

# In the Court of Appeals of Georgia

A18A0991.  FULTON   COUNTY   SCHOOL   DISTRICT   d/b/a
FULTON COUNTY SCHOOLS OR FULTON COUNTY
SCHOOL SYSTEM v. JENKINS.

DILLARD, Chief Judge.

Fulton County School District d/b/a Fulton County Schools or Fulton County School System ("FCSD") appeals the trial court's denial of its motion to dismiss a negligence action brought against it by Loretta Jenkins, as the guardian and natural grandmother of C. J. E., a minor. Specifically, FCSD argues that the trial court erred in finding that OCGA § 20-2-1090 waives its sovereign immunity from Jenkins's suit. For the reasons set forth *infra*, we reverse.

The facts necessary to resolve this appeal are undisputed. On February 23, 2017, Jenkins filed this civil action against FCSD on behalf of her grandson, C. J. E., who is a special-needs middle school student. The complaint alleged that on February

24, 2015, C. J. E. boarded a FCSD school bus, but when the bus arrived at the school, the driver failed to ensure that C. J. E. exited the bus along with the other students. As a result, C. J. E. remained on the bus while the driver parked it in the school's transportation-system parking lot for the evening, and the child was unwittingly locked inside by the driver. The complaint alleged that "[C. J. E.] was not found or located for hours, during which time he suffered physical and mental injuries, including being cold, scared and traumatized from the event and being detained and locked in the bus alone." To recover for these injuries, Jenkins asserted negligence claims on C. J. E.'s behalf against the bus driver and FCSD as her employer.[1]

FCSD answered the complaint and asserted numerous affirmative defenses, including that Jenkins's claims were barred by the doctrine of sovereign immunity. Along with its answer, FCSD also filed a motion to dismiss the complaint on sovereign-immunity grounds. Jenkins then filed an amended complaint, alleging, *inter alia*, that OCGA § 20-2-1090 requires school districts to have insurance policies covering school children, and OCGA § 33-24-51 (b), along with other Georgia statutes, waives sovereign immunity to the extent of that insurance coverage for

_____

[1] The FCSD bus driver was named as a defendant below, but she is not a party to this appeal.

incidents like the one involving C. J. E. Jenkins also filed a response to FCSD's motion to dismiss, asserting similar arguments. Ultimately, the trial court concluded that OCGA § 20-2-1090 waives FCSD's sovereign immunity for Jenkins's claims. Thereafter, the trial court granted FCSD's request for a certificate of immediate review, and this Court granted its application for an interlocutory appeal. This appeal follows.

In its sole argument on appeal, FCSD argues that the trial court erred in finding that OCGA § 20-2-1090 waives its sovereign immunity from Jenkins's claims. We agree.

This Court reviews *de novo* a "trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law."[2] The trial court's factual findings will, of course, be sustained if "there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity."[3] With these guiding principles in mind, we turn now to FCSD's specific claim of error.

---

[2] *Williams v. Wilcox State Prison*, 341 Ga. App. 290, 291 (799 SE2d 811) (2017) (punctuation omitted).

[3] *Id.* (punctuation omitted).

3

As we have previously explained, sovereign immunity extends to the State and all of its departments and agencies, "including school districts."[4] Further, it is well settled that the sovereign immunity of the State and its departments and agencies can only be waived by an Act of the General Assembly, which "specifically provides that sovereign immunity is thereby waived and the extent of such waiver."[5] And it necessarily follows that "implied waivers of sovereign immunity are not favored."[6]

---

[4] *Tift Cty. Sch. Dist. v. Martinez*, 331 Ga. App. 423, 425 (1) (771 SE2d 117) (2015) (punctuation omitted); *see DeKalb Cty. Sch. Dist. v. Gold*, 318 Ga. App. 633, 636 (1) (734 SE2d 466) (2012) ("The [School] Board, the School District, the Board's members, and the superintendent enjoy sovereign immunity." (footnote omitted)), *overruled on other grounds by Rivera v. Washington*, 298 Ga. 770, 776 (784 SE2d 775) (2016).

[5] *Currid v. DeKalb State Court Prob. Dep't*, 285 Ga. 184, 186 ( 674 SE2d 894) (2009) (punctuation omitted), *quoting* GA. CONST., Art. I, Sec. II, Par. IX (e); *accord Martinez*, 331 Ga. App. at 425 (1).

[6] *Gish v. Thomas*, 302 Ga. App. 854, 862 (4) (691 SE2d 900) (2010); *see Currid*, 285 Ga. at 186 ("[I]mplied waivers of governmental immunity should not be favored." (punctuation omitted)); *see also generally Alden v. Maine,* 527 U. S. 706, 713 (I), 715(I)(B) (119 SCt 2240, 144 LEd2d 636) (1999) ("[A]s the [federal] Constitution's structure, and its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . . The generation that designed and adopted our federal system considered immunity from private suits central to sovereign dignity. When the Constitution was ratified, it was well established in English law that the Crown could not be sued without consent in its own courts . . . ."); *accord DeFloria v. Walker*, 317 Ga. App. 578, 581 n.7 (732 SE2d 121) (2012).

4

Furthermore, sovereign immunity is not "an affirmative defense that must be established by the party seeking its protection."[7] To the contrary, immunity from suit is "a privilege that is subject to waiver by the State, and the waiver must be established by the party seeking to benefit from the waiver."[8] Significantly, in the context of the sovereign-immunity doctrine, "statutes providing for a waiver of sovereign immunity are in derogation of the common law and thus are to be strictly construed against a finding of waiver."[9] Lastly, the doctrine of sovereign immunity requires that "the conditions and limitations of the statute that waives immunity be strictly followed."[10]

---

[7] *Martinez*, 331 Ga. App. at 425 (1) (citation and punctuation omitted); *see Columbus Consol. Gov't v. Woody*, 342 Ga. App. 233, 234 (802 SE2d 717) (2017) ("Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and therefore, whether a governmental defendant has waived its sovereign immunity is a threshold issue." (punctuation omitted)).

[8] *Martinez*, 331 Ga. App. at 425-26 (1) (punctuation omitted); *accord Spalding Cty. v. Blanchard*, 275 Ga. App. 448, 449 (620 SE2d 659) (2005).

[9] *Woody*, 342 Ga. App. at 234 (punctuation omitted); *see Bd. of Comm'rs of Putnam Cty. v. Barefoot*, 313 Ga. App. 406, 409 (1) (721 SE2d 612) (2011) ("[S]tatutes that provide for a waiver of sovereign immunity . . . are in derogation of the common law and thus are to be strictly construed against a finding of waiver." (punctuation omitted)).

[10] *Woody*, 342 Ga. App. at 234 (punctuation omitted); *accord Bd. of Regents of Univ. Sys. of Ga. v. Brooks*, 324 Ga. App. 15, 17 (1) (749 SE2d 23) (2013).

And here, the trial court found that FCSD's sovereign immunity from Jenkins's claims is waived by OCGA § 20-2-1090, which provides:

> The various school boards of the counties, cities, and independent school systems employing school buses are authorized and required to cause policies of insurance to be issued insuring the school children riding therein to and from school against bodily injury or death at any time resulting from an accident or collision in which such buses are involved. The amount of such insurance shall be within the discretion of the respective boards.

First, the trial court found that C. J. E.'s injuries resulted from an "accident" within the meaning of the statute. Then, the court reasoned that, because OCGA § 20-2-1090 *requires*—as opposed to merely authorizing—FCSD to maintain no-fault liability insurance covering school children while on school buses, the State waived sovereign immunity for Jenkins's claims. And without citing any authority other than OCGA § 20-2-1090's mandate that FCSD maintain certain insurance, the court concluded that "[t]he legislature intended for children to be covered from injuries sustained on school buses."

6

Setting aside that the plain language of OCGA § 20-2-1090 makes no mention of waiving sovereign immunity or the extent of such waiver,[11] Jenkins's argument that the statute waives FCSD's sovereign immunity as to her claims is foreclosed by our decision in *Rawls v. Bulloch County School District*.[12] In *Rawls*, a high-school student suffered various injuries, including a fractured skull, when he was attacked by another student shortly after they exited a school bus.[13] The injured student sued the school district, alleging that it negligently failed to protect him from a foreseeable

---

[11] *See Currid*, 285 Ga. at 187 (holding that the plain language of the Community Service Act failed both prongs of the constitutional test for waiving sovereign immunity as it provided neither a specific waiver of sovereign immunity nor the extent of any such waiver); *Norton v. Cobb Cty*., 284 Ga. App. 303, 306 (1) (643 SE2d 803) (2007) (holding that the Recreational Property Act did not waive sovereign immunity for a county or its employees when there was no explicit language in the Act waiving such immunity, and the trial court erred to the extent that it found there was an implicit waiver of sovereign immunity); *see also Monumedia II, LLC v. Dep't of Transp.*, 343 Ga. App. 49, 52 (1) (806 SE2d 215) (2017) (explaining that, in construing statutes, this Court "must afford the statutory text its plain and ordinary meaning, consider the text contextually, read the text in its most natural and reasonable way, as an ordinary speaker of the English language would, and . . . , when the language of a statute is plain and susceptible of only one natural and reasonable construction, courts must construe the statute accordingly." (footnotes and punctuation omitted)).

[12] 223 Ga. App. 234 (477 SE2d 383) (1996).

[13] *See id.* at 235.

attack.[14] The trial court granted summary judgment to the school district, finding that it was entitled to sovereign immunity. Then, on appeal, this Court agreed.[15] Similarly to Jenkins, the plaintiff in *Rawls* asserted that OCGA § 20-2-1090 waived the school district's sovereign immunity, but we rejected that argument.[16] In doing so, we explained that "[n]o bus was involved in a collision or accident in [the] case, and OCGA § 20-2-1090 says nothing about a waiver of sovereign immunity or the extent of any such waiver."[17] In this case, assuming without deciding that C. J. E.'s injuries resulted from an "accident," as required by the statute, we are bound by *Rawls*'s holding that OCGA § 20-2-1090 does not provide for a waiver of sovereign immunity or the extent of such immunity.[18]

In holding that OCGA § 20-2-1090 did not provide a waiver of sovereign immunity in *Rawls*, we contrasted that statute with OCGA § 33-24-51, which

---

[14] *See id*. at 234.

[15] *See id.* at 234-35.

[16] *See id.* a at 235.

[17] *Id.*

[18] *See* GA. CONST., Art. VI, Sec. V, Par. III ("The decisions of the Court of Appeals insofar as not in conflict with those of the Supreme Court shall bind all courts except the Supreme Court as precedents.").

8

expressly provides for a waiver of sovereign immunity when a state entity purchases insurance to cover injuries arising from the ownership, maintenance, operation, or use of a motor vehicle by a state actor.[19] Specifically, OCGA § 33-24-51 provides, in relevant part:

> (a) A municipal corporation, a county, or any other political subdivision of this state is authorized in its discretion to secure and provide insurance to cover liability for damages on account of bodily injury or death resulting from bodily injury to any person or for damage to property of any person, or for both arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the municipal corporation, county, or any other political subdivision of this state under its management, control, or supervision, whether in a governmental undertaking or not, and to pay premiums for the insurance coverage.

> (b) *The sovereign immunity of local government entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived* as provided in Code Section 36-92-2. Whenever a municipal corporation, a county, or any other political subdivision of this state shall purchase the insurance authorized by subsection (a) of this Code section to provide liability coverage for the negligence of any duly authorized officer, agent, servant, attorney, or employee in the performance of his or her official duties in an amount greater than the amount of immunity waived as in Code Section 36-92-2, *its*

---

[19] *See Rawls*, 223 Ga. App. at 235.

9

*governmental immunity shall be waived to the extent of the amount of insurance so purchased.*[20]

Indeed, unlike the statute at issue in this case, OCGA § 33-24-51 expressly provides for a waiver of sovereign immunity for injuries arising from the operation and use of a motor vehicle by a government actor, as well as for the specific extent of such waiver. And despite the trial court's conclusion about the General Assembly's "intent" for children to be covered for injuries sustained on school buses, if the General Assembly had actually "intended" to provide for a waiver of sovereign immunity in OCGA § 20-2-1090, as it did in OCGA § 33-24-51, it certainly knew how to do so. Consequently, we must presume that its failure to do so was a matter of considered choice.[21]

---

[20] (Emphasis supplied).

[21] *See, e.g.*, *Fair v. State*, 284 Ga. 165, 168 (2) (b) (664 SE2d 227) (2008) ("If the General Assembly had intended to require knowledge of the victim's status as a peace officer in order for the [statute] to apply, the statutory history shows that it knew how to do so. We must presume that its failure to do so was a matter of considered choice." (citation and punctuation omitted)); *Bauerband v. Jackson Cty.*, 278 Ga. 222, 225-26 (598 SE2d 444) (2004) (noting that the use of the language "sums payable in the individual calendar year renewal term" and "annual payments" elsewhere in a statute showed that, "had the General Assembly wished to require that future obligations be set forth as a sum certain [in the instant provision], it knew how to accomplish that"); *Kemp v. Kemp*, 337 Ga. App. 627, 636 (788 SE2d 517) (2016) (explaining that, if the General Assembly had wished to allow trust beneficiaries to

Jenkins's central argument on appeal is that our decision in *Coffee County School District v. King*,[22] rather than *Rawls*, controls the outcome of this case. In *King*, the plaintiff, who was not a student, was injured when her car collided with a Coffee County school bus.[23] The *King* court addressed, *inter alia*, the interplay between OCGA § 33-24-51, set forth *supra*, and OCGA § 20-2-1090, the statute at issue in this case.[24] Distinguishing *Rawls*, the *King* court held that "[t]he critical fact in [*King*] [was] that a vehicular accident was involved and the waiver of sovereign immunity under OCGA § 33-24-51 [was] dispositive."[25] And here, as in *Rawls*, there was no vehicular accident as contemplated by OCGA § 33-24-51, which expressly provides for a waiver of sovereign immunity. Instead, the sole statute cited by the trial

---

seek attorney fees under a particular statute at any time during the litigation, it would have expressly authorized them to do so, and that, as a result, this Court must also presume that the General Assembly's failure to do so was a matter of considered choice); *Inland Paperboard & Packaging, Inc. v. Ga. Dep't of Revenue*, 274 Ga. App. 101, 104 (616 SE2d 873) (2005) (noting that, if the General Assembly intended to include a particular exemption in a tax statute, the statutory history showed that it knew how to do so).

[22] 229 Ga. App. 143 (493 SE2d 563) (1997).

[23] *See id.* at 143.

[24] *See id.* at 144.

[25] *Id.*

11

court in finding that FCSD waived its sovereign immunity for an accident occurring on a school bus was OCGA § 20-2-1090, and this Court has already held that OCGA § 20-2-1090 provides for no such waiver.[26]

For all these reasons, we reverse the trial court's denial of FCSD's motion to dismiss Jenkins's complaint.

*Judgment reversed. Doyle, P. J., and Mercier, J., concur*.

---

[26] *See supra* notes 16-18 & accompanying text.