**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**_DEADLINES ARE NO LONGER TOLLED IN THIS_**
**_COURT. ALL FILINGS MUST BE SUBMITTED WITHIN_**
**_THE TIMES SET BY OUR COURT RULES._**

**June 16, 2021**

# In the Court of Appeals of Georgia

A21A0655. PARR et al. v. COOK COUNTY SCHOOL DISTRICT
et al.

BARNES, Presiding Judge.

David and Carrie Parr, individually and as next friends of their minor child
Hope Parr, sued a county school district and several of its alleged employees. The
trial court dismissed the entirety of the Parrs' suit on immunity grounds. We affirm
in part and reverse in part.

The Parrs' complaint alleged that on November 3, 2017, Hope was burned by
food in the lunchroom of the Cook County Elementary School. Specifically, the
complaint alleged that as she was transferring corn nibblets from her Styrofoam cup
to her plate, the substance fell on her body resulting in burn injuries; and that the food
had been heated to an excessive temperature and was not adequately secured in the

cup. Seeking damages for negligence, the Parrs named five defendants as follows: (i) the Cook County School District (hereinafter "School District"); (ii) Gwyn Thornton, as a teacher and/or paraprofessional assisting Hope with that day's lunch actions; (iii) Haley Pennington, as a teacher and/or paraprofessional who was responsible for ensuring that either she or her paraprofessional appropriately assisted Hope with her lunch; and (iv and v) Jane Doe 1 and Jane Doe 2, as lunchroom employees of the School District. The four individual defendants, as the Parrs further alleged in their complaint, had breached ministerial duties to: maintain a reasonable and safe temperature of the food prepared and served in the lunchroom; supervise their child during all lunchroom activities; serve the food in a secure and safe manner; and ensure that the food was not served at an excessive temperature and in an unstable and unsafe cup.

The defendants filed a motion requesting the trial court to "dismiss this action with prejudice pursuant to OCGA § 9-11-12 (b) (1) and 12 (b) (6) and/or for [j]udgment on the [p]leadings for failure to state a claim upon which relief can be granted." The defendants argued that the School District and its employees were entitled to immunity from the Parrs' claims. Discerning that the Parrs' claims were

barred either by sovereign immunity or official immunity, the trial court granted the defendants' motion.

For reasons explained more fully below, we agree that sovereign immunity barred the claims against the School District and against the individual defendants in their official capacities. We disagree, however, with the trial court's dismissal of the claims against the individual defendants in their personal capacities on grounds of official immunity.

1. *Sovereign immunity*. "We review de novo a trial court's grant of a motion to dismiss on sovereign immunity grounds, bearing in mind that the party seeking to benefit from the waiver of sovereign immunity has the burden of proof to establish waiver." (Citations and punctuation omitted.) *Everson v. DeKalb County School Dist.*, 344 Ga. App. 665, 666 (1) (811 SE2d 9) (2018); see *Fulton County School Dist. v. Jenkins*, 347 Ga. App. 448, 449 (820 SE2d 75) (2018).

> In Georgia, sovereign immunity "protect[s] governments at all levels from unconsented-to legal actions." *Gilbert v. Richardson*, 264 Ga. 744, 745 (1) (452 SE2d 476) (1994). In 1991, an amendment to Georgia's Constitution authorized our General Assembly to ["]waive the state's sovereign immunity from suit by enacting a State Tort Claims Act, in which the General Assembly may provide by law for procedures for the making, handling, and disposition of actions or claims against the

3

state and its departments, agencies, officers, and employees, upon such terms and subject to such conditions and limitations as the General Assembly may provide.["] Ga. Const. of 1983, Art. I, Sec. II, Par. IX (a). Under this authority, the General Assembly enacted the Georgia Tort Claims Act, OCGA § 50-21-20 et seq. "The Georgia Tort Claims Act provides for a limited waiver of the state's sovereign immunity for the torts of its officers and employees, but it expressly excludes school districts from the waiver. OCGA § 50-21-22 (5)." *Wellborn v. DeKalb County School Dist.*, 227 Ga. App. 377, 379-380 (4) (489 SE2d 345) (1997). Consequently, [the Parrs'] tort claims against the School District and [its alleged employees], in [their] official capacit[ies], are barred by the doctrine of sovereign immunity. See id.; *Price v. Dept. of Transp.*, 257 Ga. 535, 537 (361 SE2d 146) (1987) (suits against public employees in official capacities are in reality suits against the state; employees so sued are entitled to sovereign immunity).

(Punctuation omitted.) *Everson*, 344 Ga. App. at 666-667 (1) (determining that "[the plaintiff's] claims . . . against the [s]chool [d]istrict and [its former superintendent], in his official capacity, [were] barred by the doctrine of sovereign immunity," where [the plaintiff] failed to meet his burden of demonstrating a waiver of sovereign immunity for [his] claims"). See also *Fulton County School Dist.*, 347 Ga. App. at 453 (concluding that the school district was entitled to dismissal of the guardian-grandmother's negligence claims against the school district – which alleged that the

4

school bus driver failed to ensure her special needs grandchild exited the bus along with the other students, and the child consequently remained on the bus for hours after the driver had parked it for the evening – because the guardian-grandmother failed to demonstrate a statutory waiver of the school district's sovereign immunity); *Coffee County School Dist. v. Snipes*, 216 Ga. App. 293, 296 (454 SE2d 149) (1995) (concluding that the school district was entitled to sovereign immunity after a student fell and fractured her elbow during recess in the school's gymnasium, where there was no legislative act specifically providing for a waiver of the school district's sovereign immunity).[1]

---

[1] See generally *Cobb County School Dist. v. Learning Ctr. Found. of Cent. Cobb*, 348 Ga. App. 66, 68, n.4 (821 SE2d 127) (2018) ("Under Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983, sovereign immunity extends to a county-wide school district. This immunity would extend to the named individuals whom the [plaintiff] sued in their official capacities.") (citation omitted); *Fulton County School Dist.*, 347 Ga. App. at 449 ("[S]overeign immunity of the State and its departments and agencies can only be waived by an Act of the General Assembly, which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.") (citations and punctuation omitted.); *Stone v. Taylor*, 233 Ga. App. 886, 887 (1) (506 SE2d 161) (1998) ("Sovereign immunity is the immunity provided to governmental entities and to public employees sued in their official capacities."); *Coffee County School Dist.*, 216 Ga. App. at 294 ("Like the counties within which they are created, such school districts are political subdivisions of the state entitled to the sovereign immunity extended to the state.").

5

The Parrs have spent much of their brief discussing how ministerial acts differ from discretionary ones, but any such distinction is unavailing with regard to whether sovereign immunity bars their claims. See *City of Atlanta v. Mitcham*, 296 Ga. 576, 582 (2) (769 SE2d 320) (2015) (reiterating that whether an act performed by a governmental employee is ministerial or discretionary is not a consideration in the analysis of whether the governmental entity's sovereign immunity has been waived, because "sovereign immunity applies equally to, i.e., bars claims arising from, both ministerial and discretionary acts"); *Seay v. Cleveland*, 270 Ga. 64, 65 (1) (508 SE2d 159) (1998) (espousing that the county's sovereign immunity applied equally to ministerial and discretionary acts).

2. *Official Immunity*. Official immunity is also known as qualified immunity. *McDowell v. Smith*, 285 Ga. 592, 593 (678 SE2d 922) (2009).

> [Such doctrine] offers public officers and employees limited protection from suit in their personal capacity. Official immunity protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without wilfulness, malice, or corruption. Under Georgia law, a public officer or employee may be personally liable only for ministerial acts negligently performed or acts performed with malice or an intent to injure.

(Citation and punctuation omitted.) *Everson*, 344 Ga. App. at 667 (2).

6

In their complaint, the Parrs made no claim that the individual defendants had acted with malice or an intent to injure; instead, and as detailed above, the Parrs sought to hold the individual defendants liable for alleged ministerial acts negligently performed.[2] Confronted by the defendants' motion to dismiss on immunity grounds, the Parrs argued, inter alia, that dismissal would be premature, urging that "determinations of discretionary and ministerial duties require[d] a . . . fact specific inquiry which require[d] that the Motion be dismissed until discovery [could] be completed." The trial court rejected the Parrs' position, dismissing their claims expressly under *Barnett v. Atlanta Independent School Sys.*, 339 Ga. App. 533 (792 SE2d 474) (2016), aff'd as modified by *Barnett v. Caldwell*, 302 Ga. 845 (809 SE2d 813) (2018). In *Barnett*, this Court espoused that "it is well-established that the task of supervising and controlling students is a discretionary act entitled to official immunity." *Barnett*, 339 Ga. App. at 537.

> When considering the question of whether the trial court erred in granting [the defendants'] motion to dismiss based upon qualified

---

[2] See generally *Barnett v. Caldwell*, 302 Ga. 845, 847-848 (II) (809 SE2d 813) (2018) ("[T]eachers may be held personally liable for negligence relating to their official duties only when performing 'ministerial' acts; 'discretionary' acts are only subject to suit when performed with actual malice or intent to cause injury.").

immunity, we must remember that a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient.

(Citation and punctuation omitted.) *Everson*, 344 Ga. App. at 668-669 (2).

Here, we cannot say that the Parrs would not be entitled to relief "under any state of facts which could be proved in support of [their] claim[s]." (Citation and punctuation omitted.) *Everson*, 344 Ga. App. at 669 (2). As the parties and the trial court ascertained, "the pivotal determination in this case is whether the school officials' [alleged] actions or inactions constitute the violation of a ministerial or discretionary duty." *Austin v. Clark*, 294 Ga. 773, 774 (755 SE2d 796) (2014).

[A] ministerial act is commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. The answer to this pivotal distinction between a discretionary and a ministerial duty is highly fact-specific, and due to the current procedural posture of this case, cannot be definitively answered.

8

(Citation and punctuation omitted.) Id.

As the record shows, when the defendants filed their motion to dismiss, they contemporaneously filed answers and a motion to stay discovery. In their brief in support of the latter, the defendants called the trial court's attention to their motion to dismiss, and asserted that "[i]f granted, this Motion to Dismiss would dismiss this action in its entirety." About two weeks later, the trial granted the motion for a protective order, staying discovery "until the court rules on [the pending motion to dismiss the Parrs' claims on immunity grounds]." Hence, if it had begun at all,

> discovery in this case [was] extremely limited and the record, to date, contains no [employee handbook, school policy, or other such job-related materials] for the individuals being sued. At this time, it cannot be said that the allegations of the complaint disclose with certainty that [the Parrs] would not be entitled to relief under any state of provable facts asserted in support. For example, there conceivably could be evidence of some explicit detailed laundry list of discrete tasks each individual defendant was required to perform [in connection with the allegations of the complaint].[3] At this stage in the litigation, it does not matter that the existence of such a laundry list is unlikely. For the same reason, . . . it does not matter that [the Parrs have] pointed to no specific

---

[3] See generally *Wyno v. Lowndes County*, 305 Ga. 523, 527-528 (3) (824 SE2d 297) (2019) ("A ministerial duty may be established by evidence such as a written policy, an unwritten policy, a supervisor's specific directive, or a statute.") (citation and punctuation omitted).

and clear procedures or methods [that were established by the School District]. This is factual evidence which may or may not be developed during discovery and can be considered on a subsequent motion for summary judgment.

(Citation, punctuation, and emphasis omitted.) *Austin*, 294 Ga. at 775. Given the foregoing, we conclude that the trial court erred by granting the motion to dismiss with respect to the claims alleged against the individual defendants in their personal capacities. See id.; *Everson*, 344 Ga. App. at 669 (2) (rejecting the defendant's proposed construction of the complaint, and determining that the allegations therein were adequate to withstand a motion to dismiss at such "preliminary stage of the litigation," and explaining further that "questions of this complaint's evidentiary sufficiency must await summary judgment on the issue of whether [the defendant was] entitled to qualified immunity") (citation and punctuation omitted).

Indeed, as the Supreme Court of Georgia clarified upon its certiorari review of *Barnett*, 339 Ga. App. 533, the very case relied upon by the trial court in this case: "[T]here should be no special category of absolute immunity for school employees," and "[t]o the extent that language used in prior Court of Appeals'[] decisions may suggest that school employees' supervision of students is always and inalterably

discretionary, that conclusion would be overbroad." (Citation and punctuation omitted.) *Barnett*, 302 Ga. at 851 (II).

*Judgment affirmed in part and reversed in part. Gobeil and Markle, JJ., concur.*